LEWIS & PICKERING, Plaintiffs in Error, *vs.* C. W. WILLIAMS & Sons, Defendants in Error.

In actions of indebtedness upon contract, mere excess of parties Defendant is not cause of demurrer by a party properly sued, and can only be reached by demurrer on behalf of the party improperly joined, and then not on account of a defect of parties Defendant, but because the complaint does not state a cause of action against him.

When a person is made Defendant, he has a right to insist that all parties jointly liable or interested with him shall be made co-Defendants, and if any are omitted, he may raise the question by demurrer to the complaint for a *non-joinder*: but where he is properly sued, and others are made co-Defendants who have no interest, he may purge the record of the excess of parties by motion, but demurrer will not lie.

Under Section 10 of the Mechanics' Lien Law of 1855, in an action by a sub-contractor, the proper practice was, to procure a judgment for the debt against the principal contractor, and enforce such judgment against the owner of the building by *scire facias*. The statute did not authorize any proceedings against the owner, until the remedies against the contractor, who was primarily liable, should have been pursued.

The following are the points and authorities relied upon by the Counsel for the Plaintiff in Error:

*First.*—Two several causes of action (that is, the cause of action to enforce a mechanic's lien against McClung, and the cause of action against Lewis & Pickering to recover the value of work and materials) have been improperly united. These causes of action are different in their nature, and

neither of them *affects all of the parties Defendant to the action.* Rev. Stat., p. 337, sec. 61, sub. 5; Ib., pp. 339–40, sec. 83, sub. 7; Alger vs. Scoville, 1 C. R., (N. S.,) 303; 6 Pr. R., 131; Cahoon vs. Pres. of Bank of Utica, 3 C. R., 110; Linden vs. Fritz, 3 C. R., 164; 3 Sand. S. C. R., 668. The two causes of action require different forms of summons and different proceedings to obtain judgment. One is on an obligation for the payment of money only; the other is to enforce a lien, and therefore requires an application to the Court for relief.

*Second.*—The statute points out the remedy to be pursued by a sub-contractor to enforce his lien to be by *scire facias.* Sess. Laws, 1855, p. 59, sec. 15.

*Third.*—The judgment is erroneous in this, that the summons does not notify the Defendants that the Plaintiffs will take judgment for a sum certain. Rev. Stat. Amend., p. 10, sec. 31; Dibble vs. Mason, 1 C. R., 37. The appearance to demur by Defendants is not a waiver of this objection; *for the judgment to be entered by the Clerk on default is controlled by it.* Rev. Stat. Amend., p. 10, sec. 31.

*Fourth.*—There is no order of the Court directing entry of judgment. Rev. Stat. Amend., p. 11, sec. 39.

*Fifth.*—No proof of failure to answer was made.

The following are the points and authorities relied upon by the Counsel for the Defendants in Error:

*First.*—Demurrer does not lie to a complaint for a misjoinder or excess of parties Defendant, but only such a want of parties Defendant as that the rights of the party demurring cannot be fully determined in the action, is a *defect of parties* within the statute. See 5 How. Prac. Rep., 99; 8 do., 389; 4 Edws. Chan. Rep., 210. The remedy for excess of parties Defendant is by motion to strike out, or to compel the Plaintiff to elect, or to sever the action.

*Second.*—All the Defendants are proper parties Defendant to the action, and there is but one cause of action. In these lien cases, the law of 1855 contemplates, as against the owner, two remedies for the lien:

1. By *scire facias* against him after a judgment in a personal action against the contractor. See *Sec.* 15, *page* 59, *Sess. Laws*, 1855.

2. By an ordinary civil action, or "suit commenced by summons." See *Secs.* 16, 17 *and* 20, *page* 60, *Sess. Laws*, 1855.

In the latter case, the object of the action being not only to ascertain and enforce the lien, but also to determine its amount, in other words to ascertain the state of the accounts between the Plaintiff and the contractor, the contractor and the owner are necessary parties. The action cannot be maintained except as against all. But though the statute did not give a remedy by action against the owner, the Plaintiff would have an equitable action to foreclose the lien ; lien being a head of equitable jurisdiction. See *Story Eq. Juris.*, *sec.* 506, *pp.* 1216 *to* 1222. In equity, Plaintiffs would not only be permitted but required to join the contractor as a party Defendant, because in equity all persons materially interested in the subject of the action are to be made parties, so that there shall be a complete decree which shall bind them all. *Story's Equity Pleadings*, *sec.* 72. The action in this case is to enforce the lien ; the contractors are joined, because it is necessary they should be joined in order to determine the amount of the lien.

*Third.*—The objection to the summons, if good at all, would be waived by appearing and demurring.

*Fourth.*—The objection that there is no order for judgment is not a ground of error, it is only an irregularity. The record showing that the Plaintiffs are entitled to the judgment, the fact that the record does not contain an order for it, does not vitiate it. The remedy is by motion. See 9 *Wendell*, 125 ; 13 *Ib.*, 277. But the order overruling the demurrer is a sufficient order for judgment ; the order contains the determination of the Court as to Plaintiffs' right to recover against Defendants ; and as the complaint including the amount due Plaintiffs is admitted, it is not necessary that any proof or further determination should be made.

D. C. COOLEY, Counsel for Plaintiffs in Error.

J. & C. D. GILFILLAN, Counsel for Defendants in Error.

*By the Court*—FLANDRAU, J. This is an action by sub-contractors to collect a debt for labor and materials, brought against the principal contractors, who are the Plaintiffs' immediate employers. It is brought under *Section* 10 *of the Mechanics' Lien Law of* 1855, *Sess. L.,* 1855, *page* 59, and the Plaintiffs have joined, as party defendant, the owner of the building upon which the labor and materials were bestowed. The complaint prays a judgment against the principal contractor for the amount of the indebtedness, and that it be decreed a lien upon the building, and for a sale of the building to satisfy the judgment.

The Defendants Lewis & Pickering, the principal contractors, demur to the complaint for a misjoinder of parties Defendant, and also for a misjoinder of actions, in uniting a cause of action against them for the recovery of the debt for the labor and materials, with a cause of action against the owner of the building to enforce the judgment that may be obtained in such action against his property.

In regard to the first point, the objection would not be well taken if the action was only to recover the amount of the indebtedness, because a mere excess of parties Defendant is not cause of demurrer by a party properly sued, and can only be reached by demurrer on behalf of the party improperly joined, and then not on account of a defect of parties Defendant, but because the complaint does not state a cause of action against him. When a person is made a Defendant, he has a right to insist that all parties jointly liable or interested with him shall be made co-Defendants, and if any are omitted he may raise the question by demurrer to the complaint for *non-joinder;* but where he is properly sued, and others are made co-Defendants who have no interest, he may perhaps purge the record of the excess of parties by a motion, but has no cause for demurring. *Brownson and wife vs. Gifford et al.,* 8 *How. Pr. R.,* 389.

In this case the Plaintiffs seek to litigate the whole question as to whether the Defendants Lewis & Pickering are indebted to them for their work and materials, and also whether the Defendant McClung, the owner of the building upon which they were bestowed, shall be made liable through the means of the lien.

The fifteenth section of the lien act provides that where the Plaintiff is a sub-contractor, his remedy against the owner of the building is by *scire facias*. We had occasion to give an interpretation to this statute in the case of *The Rotary Mill Co. vs. Emmett & Keiffer*, decided at the December term of 1858, which was an action by the sub-contractor directly against the owner of the building for the debt. We there held that the proper practice was to procure a judgment for the debt against the principal contractor, and when that was done, it could be enforced in every proper case, by *scire facias* against the owner of the building. There is no doubt about the propriety of that holding, and we think the statute did not mean to allow any proceedings against the owner until the remedies against the contractor, who is primarily liable, should have been pursued.

The Defendant McClung is not a proper party Defendant; and the proceeding against him and his building is improperly united with the cause of action for the debt against the principal contractor.

The judgment overruling the demurrer to the amended complaint is reversed, and the case sent down to the District Court for further proceedings.