JOHN NICHOLS, Administrator of PHILIP ROSS, deceased, Appellant, vs. WILLIAM H. RANDALL, WILLIAM H. MORTON, and ANDREW LEVERING, Respondents.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Randall and Morton executed a note for $1,600, and negotiated the same with one Ross, through the agency of one Levering. After it became due, Levering as the agent of Morton, and also of Ross, and in order to obtain from Ross a further loan of money for Morton, and to secure to Ross the payment of the sum mentioned in the note, executed and delivered to Ross a quit claim deed to certain real estate, which deed, although absolute on its face, was to operate as a mortgage only. Ross about the same time, or shortly after, made out a quit claim deed for the same property, to Levering, and placed it in his hands, as his, Ross', agent, for safe keeping only, and with the understanding that it was not to be considered as delivered, or to have any operation or effect, or be recorded, until the note should be paid. In an action by Ross' administrator, he claims judgment against the makers of the note, a decree for the foreclosure of the mortgage and sale of the property, &c., and also that the deed in Levering's hands may be surrendered and cancelled. *Held*, that under *Section eleven, page* 671 *of the Revised Statutes of Minnesota,* the several causes of action were not improperly united, and that the facts do not show title to the land in Levering. If the makers of the note and the mortgagor are properly joined, for one purpose, the Court in the exercise of its chancery powers, having jurisdiction of the parties, can compel either of the Defendants to deliver up to be cancelled, any deed or other instrument in his possession relating to the mortgaged premises, which is improperly held by him, or which might be used to the prejudice of the rights of the Plaintiff. The mortgagee may make any one a party Defendant in the action to foreclose, who has, or claims to have any interest in the mortgaged premises, through the mortgagor.

A misjoinder of parties Defendant is an objection that cannot be taken by demurrer.

Points and Authorities of Appellant.

*First.*—A demurrer will not lie for a misjoinder of parties. The defect of parties for which a demurrer is allowed under the code, is a deficiency of, and not too many parties, a nonjoinder and not a misjoinder. *Gregory vs. Oaksmith,* 12 *How. P. R.* 17, 134 ; *Pinkney vs. Wallace,* 1 *Abbott's P. R.* 82, 44 ; *Peabody vs. Wash. Ins. Co.,* 20 *Barb. R.* 340 ; *Lewis et al vs. Williams et al,* 3 *Minn. Reps.* 151 ; *Brown-*

son et el vs. Gifford et al, 8 How. P. Rep. 389. Nor will a demurrer lie to the demand for relief in the complaint. 12 How. P. Reps. 443.

*Second.*—Several causes of action have not been improperly united in the complaint in this action. *The statute, page 23 of Laws of* 1853 provides that, "The Plaintiff may unite several causes of action in the same complaint whether legal or eqitable, when they are included in either of the following classes.

1st.  The same transactions, or transactions connected with the same subject of action.

2d.  Contracts expressed or implied.

3d.  Injuries with or without force to person and property, or either."

These are the only limitations in our statutes : " If a mortgage debt be secured by the obligation or other evidence of debt of any person other than the mortgagor, the complainant may make such other person a party to the bill." *Stat. of Minn. Sec.* 60, *p.* 671.

It is not a ground of demurrer to a complaint in Equity, that it does not state facts sufficient to constitute a cause of action against each and every Defendant.  The mere fact that any party claims an interest in the suit authorizes the Plaintiff to make him a Defendant so that his claims may be adjudicated. *Seager vs. Burns et al,* 4 *Minn. R. July term,* 1860 ; *Eldredge vs. Bell,* 12 *How. Prac. Rep.* 549 ; *Story's Equity Pleadings, Sec.* 271, *a. b.; N. Y. and N. H. R. R. Co. vs. Schuyler et als,* 17 *N. Y. Reps.* 579 ; *Wooding vs. McAlister,* 9 *How. P. Reps.* 123 ; *Hillman vs Hillman,* 14 *How. P. Reps.* 456.

" If an instrument ought not to be used or enforced it is against conscience for the party holding it to retain it, since he can only retain it for some sinister purpose." *Story's Equity, Sec.* 700.  The term transaction embraces all the proceedings commencing with the negotiation and ending with the performance of the contract. *Robinson et als vs. Flint et als,* 16 *How. Prac. Reps.* 240 ; 4 *Abbott's P. Reps.* 177.

*Third.*—It is well settled that in equity it may be shown that a conveyance absolute in its terms was intended as a security for a debt and was therefore a mortgage. *Willard's*

*Equity, page* 429 ; *Strong vs. Trustees of Mitchell,* 4 *John. Ch. Reps.* 167; *Marks vs. Pell,* 1 *Ibid* 594 ; *Clark vs. Henry,* 2 *Cowan R.* 324 ; *Day vs. Dunham,* 2 *John. Ch. Reps.* 189 ; *Peterson vs. Clark,* 15 *John. Reps.* 205 ; 8 *Wend.* 641 ; 10 *Yerg.* 376 ; 1 *Paige,* 202; *Id.* 48 ; 3 *Barb. Ch. Rep.* 325 ; 6 *John. Ch. Reps.* 417 ; 3 *Atk.* 389 ; *Hodges vs. Tenn. M. and F. Ins. Co.* 4 *Selden Reps.* 406; *Van Buren vs. Olmsted,* 5 *Paige* 10 ; 7 *John. Ch. Reps.* 40.

*Fourth.*—Andrew Levering was the agent of said Philip Ross in the transaction of the business mentioned in the complaint, and had the custody of the papers and securities therein referred to, as such agent ; and placing the instrument of defeasance in said complaint mentioned in the care of such agent upon express condition that it should not be considered as delivered, did not amount to a delivery. And such instrument of defeasance can be shown to have formed a part of the mortgage securities in like manner as the deed from said Levering to said Ross, between the parties.

*Fifth.*—Judgment may be given for or against one or more of several Defendants, and the Plaintiff is entitled to a judgment against the Defendants Randall and Morton in this action, even if no cause of action were stated against Andrew Levering. *Statutes of Minn. Sec.* 159 *page* 554 ; *Margnot vs. Margnot et al,* 2 *Kernan Reps.* 336 ; *Brunskill vs. James,* 1 *Kernan's, Reps.* 394.

*Sixth.*—The rule of a Court of Equity is, that the jurisdiction having once attached, it shall be made effectual for the purpose of complete relief. *Story's Eq. Secs.* 64, 65.

Points and Authorities of Respondent.

*First.*—Parties cannot be joined either as Plaintiffs or Defendants unless the causes of action exist in the same right in favor of all the Plaintiffs and against all the Defendants. *Van. Sant. (old ed.) p.* 111.

A party cannot be made Defendant with others for several distinct matters and causes, it appearing from the complaint that in many of said matters, said Defendant is in no way interested or concerned. *Story Eq. Pl. Sec.* 530 ; *Van. Sant.* 389.

*Second.*—Several causes of action have been improperly united. The complaint (as served) asks that a deed given by Philip Ross in his life time to Andrew Levering be cancelled. That an injunction issue restraining said Levering from recording said deed or from selling said property. Also asks judgment against Randall and Morton for the amount claimed to be due on a promissory note executed by them and that the above "mentioned" property be sold to pay such indebtedness, and if the amount realized at such sale be insufficient to pay said indebtedness, then that said Randall and Morton be adjudged to pay the ballance, &c.

A demurrer will only be well taken for misjoinder to a complaint uniting dissimilar or incompatible causes of action, as if a party should seek in the same action to *set aside a deed and to foreclose a mortgage. Van. Sant. (old edition) page* 391.

Morris Lamprey, Counsel for Appellant.

Wm. Sprigg Hall, Counsel for Respondent.

*By the Court*—Emmett, C. J.—There were separate demurrers to the complaint in this case—one interposed by Randall and Morton, the other by Levering. The demurrers were severally sustained by the Court below, and the Plaintiff appealed from the decision in each case, thus presenting two cases for consideration, but as they do not essentially differ, we will consider them together.

It appears from the complaint that Randall and Morton made their joint and several promissory note for $1,600, payable to the order of Morton. That Morton endorsed the same and negotiated it with Ross in his life time, through the agency of Levering. That after the note became due, Levering still acting as the agent of Morton, and also as Ross' agent and in order to obtain from Ross a further loan of money for the use of Morton, and to secure to Ross the payment of the sum mentioned in the note, executed and delivered to him, Ross, a deed of quit claim, of certain real estate belonging to him, and situated in the County of Ramsey. That said deed although absolute on its face was to operate as a mortgage

only. That Levering having acted as the agent of Ross in the loaning and securing of said money, Ross about the same time, or shortly afterwards, made out a quit claim deed of the same property back to him, and placed the same in Levering's hands, as his, Ross' agent, for safe keeping only, and with the distinct understanding that it was not to be considered as delivered, or to have any operation or effect, or be recorded, until the note before mentioned should be fully paid and discharged.

The complaint further shows the decease of Ross, and the appointment of the Plaintiff as his Administrator, and that the note is still unpaid. It also avers that there is danger that Levering will record or make an improper use of said last mentioned deed, or convey away the property to the injury of the estate of said Ross ; and asks a judgment against the makers of the note for the amount due thereon, and that the mortgaged premises may be sold and the proceeds applied in satisfaction of the amount due on the note, and if insufficient to pay the same, that Randall and Morton be adjudged to pay the balance ; and that Levering be decreed to surrender to the Plaintiff to be cancelled, the deed from Ross to him.

Randall and Morton demur, on the ground of a misjoinder of parties Defendant, in joining them in the same action with Levering, and also for improperly uniting several causes of action, in this, to wit ; by seeking to recover against the makers of a promissory note, and also to foreclose a mortgage and cancel a deed as against another party.

The demurrer of Levering is upon the same grounds with an additional cause which will be hereafter noted.

The District Court as appears by the decisions on file, sustained both demurrers on the single ground that several causes of action were improperly united.

We have been forced to a different conclusion. The statute, (*Sec.* 11, *page* 671, *Com. Stat.*) expressly provides that if the mortgaged debt be secured by the obligation, or other evidence of debt, of any person other than the mortgagor, the complainant may make such other person a party to the bill ; and the Court may decree payment of the balance of such

debt remaining unsatisfied after a sale of the premises, as well against such other person, as the mortgagor, and may enforce such decree as in other cases."

This is in our opinion conclusive, not only as to the right of the Plaintiff to join in this action the mortgagor, with the makers of the note, but to demand and have the relief due from each. We can hardly conceive of a case more directly within the language and spirit of the statute. So far at least as he asks for a sale of the mortgaged property and a decree for any unsatisfied balance, against the makers of the obligation by which the mortgage debt is secured. But it is urged, this complaint goes farther and includes still another cause of action, in that it asks for the canceling of a deed, with which the makers of the note have not the remotest connection.

This we think can make no material difference. If the makers of the note, and the mortgagor are properly joined, for one purpose, the Court in the exercise of its chancery powers, having jurisdiction of the parties, can make that jurisdiction effectual for the purpose of complete relief, and to that end may, on a proper showing, compel either of the defendants to deliver up to be canceled, any deed or other instrument in his possession relating to the mortgaged premises, which is improperly held by him, or which might be used to the prejudice of the rights of the Plaintiff. I do not think, however that the right of the Plaintiff to have the deed from Ross to Levering delivered up to be canceled, depends alone upon the fact that Levering is already a proper party to the action, as mortgagor. The mortgagee in an action to foreclose his mortgage, may make any one a party Defendant, who has or claims to have, through the mortgagor, any interest in the mortgaged premises, and the mere fact that the relief asked against him is different from that asked against the mortgagor or other Defendant can make no difference.

We hold therefore, for reasons above stated that the demurrer of Randall and Morton ought not to have been sustained ; and we might add, in reference to the first ground alleged, that this Court has already held that a misjoinder of parties Defendant is an objection that cannot be taken by demurrer. *Lewis et al vs Williams & Sons, 3 Minn.* 151.

Levering however, in addition to the grounds urged by Randall and Morton, insists that the complaint does not state facts sufficient to constitute a cause of action as against him, because, as he alleges, it shows upon its face not only that he executed the mortgage without consideration, but also that he was the owner of the mortgaged property at the commencement of the action, by virtue of the alleged reconveyance by Ross.

We think this ground is equally untenable. If the mortgage itself does not import a consideration sufficient to support it, enough is found in the allegation "that it was given by Levering, in order to obtain a further loan of money from Ross for the use of Morton, and to secure the money due on the Randall and Morton note." And the allegation that the deed of re-conveyance was never in fact delivered to Levering, but merely placed in his hands for safe keeping as the agent of Ross, to our mind, fully disposes of the objection that the complaint shows title in Levering. If there was no delivery the conveyance was incomplete, and the deed in contemplation of law is in Ross' possession so long as it remains in the hands of his agent.