JOHN ROGERS *vs.* JOHN McCAULEY, Jr., & Wife.

February 10, 1876.

**Fraudulent Conveyances—Trust for Creditors—Purchase by Debtor in Name of his Wife.**—Where a debtor bargains for and purchases real estate, and pays the consideration, and causes the conveyance to be made to his wife, there attaches to the land presumptively a trust in favor of his creditors at the time.

Same—Where Property is Used as the Residence of Debtor and his Wife.— And proof that the debtor made the purchase, and caused the title to be vested in his wife, for the purpose of making the real estate the place of residence of himself and family, does not tend to disprove the fraudulent intent; nor does proof that, after making the contract of purchase, he placed a house upon the real estate, and always afterwards resided with his family upon it.

Same—Wife's Claim of Homestead.—The homestead right of the wife in such a case will not protect her interest from the claims of the creditors. *Sumner* v. *Sawtelle*, 8 Minn. 309, followed.

Appeal by plaintiff from an order of the court of common pleas of Ramsey county, refusing a new trial, the action having been tried before *Brill*, J., without a jury.

*Morris Lamprey*, for appellant.

*Harvey Officer*, for respondents.

GILFILLAN, C. J. In 1861 the defendant, John McCauley, was indebted to the plaintiff and Matthew Flood, who transferred his interest in the debt to plaintiff. The debt was put in judgment January 18, 1868, an execution afterwards issued, and was returned unsatisfied. After the debt accrued, and before the judgment, John McCauley bargained for and purchased from one Bullen one lot in St. Paul, at the price of $950.00, and on said purchase took from said Bullen a bond to the defendant Theresa, then and now his wife, conditioned to convey the lot to her. The entire consideration was paid by the defendant John. On July 8, 1868, part of the consideration having been paid, the lot was conveyed by Bullen to Theresa, and she and John gave back a mortgage for the balance of the purchase money, which John paid about July 3, 1871. These facts are admitted by the pleadings.

Upon these facts there presumptively arose a trust in favor of the creditors of the defendant John, under Gen. St. ch. 43, § 8. Section 7 provides that where a conveyance is made to one person, and the consideration paid by another, no trust shall result in favor of the latter. Section 8 proceeds: "Every such conveyance shall be presumed fraudulent as against the creditors, at that time, of the per-

son paying the consideration ; and when a fraudulent intent is not disproved, a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands."

The court below found as a fact "that said John McCauley, jr., so purchased said real estate for the purpose of making the same the place of residence of himself and family, and not with intent to defraud his creditors." That a debtor, who buys real estate and pays for it, and causes the title to be vested in another, whether a wife, a child, or other person, does so "with the purpose of making the same the place of residence of himself and family," does not tend to disprove the fraudulent intent. The only evidence in the case offered upon the question of intent was to the effect that, about the time the bond for a deed was made, the defendant moved a house from an adjoining lot to the one in question, and has ever since, with his family, continuously resided in the house, and that he has no other real estate. This does not even tend to remove the presumption which the statute attaches to the transaction—is no evidence that he paid the consideration himself and took the title in the name of his wife without an intent to defraud his creditors. The finding of fact as to the intent cannot be sustained.

It is claimed that from 1870 to 1872 the defendant John was solvent, and that plaintiff might then have collected his debt out of his property. This fact, if it is a fact, is immaterial, for it would not relieve the land from the trust which attached by reason of the character of the original transaction, and to enforce which is the object of this suit.

The argument is made that, as John McCauley might have taken the title in his own name, and held it as a homestead, exempt from the claims of his creditors, his causing the title to vest in his wife, instead of himself, could not have operated as a fraud upon his creditors. This proposition would open a very wide door ; for, notwithstanding the con-

veyance of land purchased by him to his wife, his right to acquire and hold a homestead would be the same after as before the conveyance ; and if the fact that he might have taken title to the land and held it as a homestead would protect the conveyance to his wife, it would as well protect successive similar conveyances to her or to any other person. He could claim no rights in this lot as a homestead, for he did not own it. She, having acquired it by gift from her husband, made in fraud of his creditors, took it subject to their rights, and no homestead right in her would protect it against those rights. The homestead laws were not enacted as a shield for any such transactions. The case does not differ in any material respect from *Sumner* v. *Sawtelle,* 8 Minn. 309.

Order reversed and new trial ordered.