## CHARLES LEONARD *vs.* NELLIE K. GREEN.

### September 30, 1885.

**Parties to Action to Enforce Resulting Trust for Creditors—Husband and Wife.**—In an action to enforce a resulting trust in favor of creditors, arising under General Statutes 1878, c. 43, § 8, the judgment debtor is a proper but not a necessary party defendant; and where a wife in such case is sought to be charged as trustee, her husband need not be made a party because of his contingent interest in her real property growing out of the marital relation.

Fraud on Creditors—Intent.—The case of the plaintiff in such suit is not prejudiced by the fact that it is alleged and shown that the transfer of the real property in question was made with the intent to defraud creditors.

Same—Resulting Trust—Payment of Mortgage Assumed as Part of Purchase Price.—Where a purchase of real estate was not finally completed until considerable time after the date of the execution of the deed, which, at the request of the purchaser, was made to his wife as grantee, but on the subsequent delivery thereof the purchase-money was paid in full by the husband, less the amount of a mortgage on the land which was at the same time assumed by him as a part of the consideration, but not paid till afterwards, *held*, that upon the completion of the sale by the delivery of the deed, a trust resulted in favor of the creditors of the husband, who paid the purchase price; and that the assumption of the mortgage by him at the time was a completed arrangement for the payment of the balance of the consideration, binding on him; and that the trust was not to be apportioned, or deemed *pro tanto* only, by reason of the fact that the mortgage incumbrance was paid off by him subsequently.

Harmless Error.—Errors in the findings of fact by the trial court, not affecting the merits of the case, will be disregarded on appeal.

Fraud on Creditors—Preferring Debt due Wife.—A husband may give preference to a *bona fide* debt due his wife, but such preferences by an insolvent are regarded with suspicion, and in cases open to question it is usually for the trial court to determine whether they are honestly made in satisfaction of a *bona fide* indebtedness, or are fraudulent.

Appeal by defendant from an order of the district court for Ramsey county refusing a new trial,—the action having been tried before *Brill*, J., without a jury. The decision on a former appeal in this action is reported in 30 Minn. 496.

*McMillan & Beals*, for appellant.

The plaintiff's case is solely to enforce a resulting trust under Gen. St. 1878, c. 43, §§ 7–8. It is essential to the existence of a resulting trust in favor of existing creditors that it arise from some conveyance or deed. *Durfee* v. *Pavitt*, 14 Minn. 319, (424.) The entire purchase-money must be paid by the debtor and the land conveyed to another before a trust will result; *Olcott* v. *Bynum*, 17 Wall. 44; or, if part of the purchase price is paid by the debtor, it must be for a definite portion of the whole land purchased. *Olcott* v. *Bynum*

*supra; McGowan* v. *McGowan,* 14 Gray, 119; *Perry* v. *McHenry,* 13 Ill. 227; *White* v. *Carpenter,* 2 Paige, 217, 241; *Sayre* v. *Townsends,* 15 Wend. 647; *Rogers* v. *Murray,* 3 Paige, 390; *Smith* v. *Burnham,* 3 Sumner, 435, 466–467; *Dudley* v. *Bachelder,* 53 Me. 403.

The trust must arise, if at all, at the time the purchase is made; the funds must then be advanced. It is not sufficient that the payment be made after the title has vested. The whole foundation of the trust is the payment before, or at the time of, the purchase. *Olcott* v. *Bynum, supra;* 4 Kent, Com. 305; *Hays* v. *Hollis,* 8 Gill, 357; *Hollida* v. *Shoop,* 4 Md. 465; *Botsford* v. *Burr,* 2 John. Ch. 405; *Rogers* v. *Murray,* 3 Paige, 390; *Jackson* v. *Moore,* 6 Cowen, 706; *Steere* v. *Steere,* 5 John. Ch. 1; *Alexander* v. *Tams,* 13 Ill. 221; *Barnet* v. *Dougherty,* 32 Pa. St. 371; *Lehman* v. *Lewis,* 62 Ala. 129; *Coles* v. *Allen,* 64 Ala. 98; *Appeal of Cross,* 97 Pa. St. 471.

The equitable interest of the debtor, if any, which arises from the part-payment of the purchase-money cannot be reached by proceedings under the statute. *Snow* v. *Paine,* 114 Mass. 520; *Clark* v. *Chamberlain,* 13 Allen, 257; *Appeal of Cross,* 97 Pa. St. 471; *Lehman* v. *Lewis,* 62 Ala. 129; *Matthews* v. *Torinus,* 22 Minn. 132. The trust must have been coeval with the deeds, or it cannot exist at all. *Coles* v. *Allen,* 64 Ala. 98; *Westerfield* v. *Kimmer,* 82 Ind. 365. The general principles that governed the court of chancery in administering trusts of this nature are applicable to this case. *McCartney* v. *Bostwick,* 32 N. Y. 53, 62; *Gorton* v. *Massey,* 12 Minn. 83, (145;) *Rounds* v. *Green,* 29 Minn. 139.

*Warner, Stevens & Lawrence,* for respondent.

VANDERBURGH, J.[1] The plaintiff is the owner of a judgment recovered by himself and another against Joseph C. Green, husband of the defendant, on the eighth day of December, 1876, growing out of an indebtedness existing in 1874. The judgment debtor has since been insolvent, and an execution issued upon such judgment has been duly returned unsatisfied. This action is brought to enforce a trust in favor of creditors, arising under Gen. St. 1878, c. 43, § 8, in certain real property in the city of St. Paul, alleged to have been

---

[1] Berry, J., was absent and took no part in this case.

purchased and paid for by Joseph C. Green, but at his instance conveyed to the defendant, his wife, with the intent to place the same beyond the reach of legal process, and to defraud his creditors.

1. The judgment debtor, Joseph C. Green, was originally joined as a defendant; but, on the trial, upon plaintiff's application, leave was given, against the objection of the defendant, to strike out his name as a party defendant in the action. It is the usual, and I think the better, practice to join the judgment debtor in such cases. He is a proper, though not a necessary, party; the action being to subject a parcel of land in which he has no interest to the payment of a judgment against him. No substantial right of the defendant was affected by the action of the court. And this court will not interfere with the discretionary order of the trial court in granting or refusing such application. This was expressly so ruled on the former appeal in this case. 30 Minn. 496. See, also, *Campbell* v. *Jones*, 25 Minn. 155; Wait, Fraud. Conv. § 129. Any contingent interest which he might have in real estate of his wife by virtue of the marital relation would not be affected, nor need he be joined because of such interest. It is not deemed necessary, nor is it usual in practice, to join the husband or wife of an alleged trustee in a suit by a creditor to reach the trust estate in such cases.

2. Plaintiff's case is certainly no weaker from the fact that he alleges, and the court expressly finds, that the conveyance was caused to be made to the defendant with the intent to hinder, delay, and defraud the creditors of her husband. If the finding is true, it would still cover the case provided for by the statute declaring a trust in favor of creditors. It would also preclude the idea of any advancement or *bona fide* payment to or provision for the wife. *Wood* v. *Robinson*, 22 N. Y. 564.

3. It is alleged and found that Chadwick, the vendor of the premises in question, for the consideration of $1,600, granted and conveyed the same to the defendant on the 24th day of February, 1882; while it appears from the evidence that the transaction was not completed by the payment of the consideration and delivery of the deed till about 30 days later, and that, as a part of the consideration, Green agreed to assume a mortgage of $600, which he afterwards paid. The

point is made that the plaintiff is concluded by the finding in respect to the date of the conveyance, and that the evidence, therefore, shows that the money was not paid till after the sale was completed. The finding might have been corrected and made more definite in respect to these matters if the defendant had asked it; (*Bradbury* v. *Bedbury,* 31 Minn. 163;) but as it stands, it will be presumed therefrom that it was a cash sale, and that the conveyance was made upon the pay- ment of the consideration, and not afterwards. But the error in re- ferring the completion of the transaction to the date of the deed, in- stead of the time of its delivery, is entirely immaterial, and works no prejudice to any one.

4. The evidence in plaintiff's behalf tended to prove that the con- tract for the purchase of the land was made by Joseph C. Green in per- son, through an agent of the grantor who was absent from the state; but at the request of Green the name of the defendant was inserted as grantee. It also appears that on the 18th day of February, 1882, he had received the sum of $2,225 in cash upon the sale by him of his interest in a life-insurance business in the city of St. Paul, and that of this sum he paid $1,600 for the land, and $50 to the agent for his commissions. The premises were incumbered by a mortgage of $600, the amount of which was deducted, and agreed to be paid by Green, and was in fact so paid by him shortly after the deed was delivered. Defendant contends that by reason of the fact that the mortgage was not taken up until after the purchase was completed by the conveyance, a trust could only result *pro tanto.* But there is no ground for any apportionment. If at the time of the conveyance a trust was established, subject to the incumbrance which had been assumed, the subsequent payment removed the incumbrance, and left the trust unaffected by it.

While the defendant denies that the purchase was made by her husband, or with his funds, it is not denied that the $600 was part of the $2,225, and was his, if any part of that sum was his; and if it belonged to him, then he and no one else agreed to assume, and did assume and pay off the mortgage, and his subsequent payment merely fulfilled an obligation assumed when the purchase was com-

pleted. *Lounsbury* v. *Purdy*, 16 Barb. 376; *Rogers* v. *M'Cauley*, 22 Minn. 384.

5. The most important questions arising in the case were questions of fact. Whether Green acted for himself, or as agent for his wife, in making the purchase, and whether, between the time of his receipt of the money on the sale of his interest in his insurance agency, which was used in the purchase, and the making and completion thereof, it had been turned over to her in payment of an indebtedness due her from him, so that the consideration may be said to have been furnished by her, were questions of fact involved in the issues which were determined adversely to the defendant by the trial court. We have carefully examined and considered the whole record, and are satisfied that, upon the state of the evidence therein presented, the motion to dismiss was properly denied, and that, upon the whole case, this court would not be warranted in disturbing the findings of the trial court.

Apart from the fact that, as we think, taking the evidence together, the origin, amount, and *bona fides* of his alleged indebtedness to her are left in doubt and uncertainty, there remained the very material fact for her to establish, viz., that, before the purchase of the lots in controversy, he paid over the money so received on the sale of his property in payment of such indebtedness to her. There is no doubt of his right to give preference to a *bona fide* debt of his wife. But when the husband is insolvent, and such claims are set up to defeat creditors, there is generally more or less reason to regard them with suspicion. *Ladd* v. *Newell, ante,* p. 107. Here there is no doubt that Green intended to invest the proceeds of his property in the name of his wife. He did undertake to do so speedily after he received the money. He swears that in the mean time it was turned over to his wife upon a debt due her, which she corroborates; but the explanation of their conduct upon their cross-examination is not clear or satisfactory, and warrants the inference which the trial court must have drawn in the case (rather than the opposite) that no *bona fide* payment of an indebtedness due her had been made or intended, but that such claim was an after-thought or a colorable device to shield the property from creditors. In any event, upon the evidence

in this case, the nature of the transaction was fairly for the determination of the trial court. *Knapp* v. *Smith*, 27 N. Y. 277; *Schwartz* v. *Germania Life Ins. Co.*, 21 Minn. 215.

There are no other points in the case which appear necessary to be specially considered, and the judgment should be affirmed.