(95 N. W. Rep. 442.)

---

SOPHIA OLSON AND OLAF OLSON v. JOHN C. SHIRLEY.

Opinion filed May 28, 1903.

**Appeals on Law Alone, Regularly Taken, Not Dismissed for Errors in Justice Court.**

1. It is not error for the district court to deny a motion to dismiss an appeal from justice court taken upon questions of law only, when the appeal has been regularly taken and perfected, and the only grounds of the motion relate to alleged irregularities in the proceedings in justice court, which do not affect the jurisdiction of the district court over the appeal.

**Demurrer Lies for Defect, Not Excess, of Parties.**

2. A demurrer for defect of parties is proper when the pleadings show there is a deficiency cf parties, but it is not a proper method of attack for an excess of parties. Accordingly, *held,* that, where the only claim is that too many parties have been joined, a demurrer upon this ground was properly overruled.

**Under Sec. 6771a, Rev. Codes, Where Justice's Judgment is Reversed, District Court Retains the Action.**

3. Under section 6771a, Rev. Codes 1899, which regulates appeals from justice court taken upon questions of law only, and provides that when the decision of the district court reopens the case for trial, the trial shall be had in the district court, it is *held* that the effect of a reversal of the justice's judgment dismissing plaintiff's action was to reopen the case, and that the district court did not err in hearing the case and rendering judgment upon the merits.

Appeal from District Court, Ward County; *John F. Cowan, J.*

Action by Sophia Olson and another against John C. Shirley and wife. Judgment for plaintiffs, and defendants appeal.

Affirmed.

*LeSuer & Bradford,* for appellants.

The appeal, as to Mrs. Shirley, from justice court, should have been dismissed by the district court, since she was not served with

summons, nor appeared, and objection to jurisdiction was seasonably and properly made. *Vidger et al.* v. *Nolin,* 10 N. D. 353, 87 N. W. Rep. 593; *Leonosio* v. *Bartilino* (S. D.) 63 N. W. Rep. 543. Under section 6677 Rev. Codes, notice to quit must be served, returned, and filed with the justice before he has jurisdiction to issue summons. *Northwestern Loan & Banking Co.* v. *Jonasen et al.,* 82 N. W. Rep. 94. Justice cannot grant a motion for continuance to enable counsel to look up law, and granting such motion, divests him of jurisdiction. *Bonoit* v. *Revoir,* 8 N. D. 226, 77 N. W. Rep. 605. The appeal was upon law alone. The district court. upon its refusal to dismiss the appeal, should have remanded the case to the justice court for further proceedings in conformity to its order, and not proceeded to a final determination of the case. *Coughran* v. *Wilson,* (S. D.) 63 N. W. Rep. 774; *Lindskog* v. *Schouweiler,* 80 N. W. Rep. 190. Justice's record, showing the filing of the notice to quit, on return day of summons, cannot be impeached collaterally by affidavit. *Mouser* v. *Palmer* (S. D.) 50 N. W. Rep. 967.

*James Johnson,* for respondents.

By appearing on return day and asking continuance for the purpose of correcting the returns, defendants gave jurisdiction to the court, even if service was defective. *William Deering* v. *Joseph Venne,* 7 N. D. 576, 75 N. W. Rep. 584. Justice did not lose jurisdiction by granting such continuance. *Benoit* v. *Revoir,* 8 N. D. 226, 77 N. W. Rep. 605.

YOUNG, C. J. This case is before us on the defendants' appeal from a judgment entered against them by the district court of Ward county. The action was brought in justice court to recover the possession of certain rooms in a dwelling house situated in the city of Minot, and for $75 delinquent rent. Two continuances were granted by the justice upon plaintiffs' motion and over defendants' objection. At the date of the hearing fixed at the last adjournment the justice, on defendants' motion, entered judgment dismissing the action upon the ground that he had lost jurisdiction by the adjournment. In due time the plaintiffs appealed to the district court upon questions of law only. When the case was reached in the district court, the defendants made a motion to dismiss the appeal upon five grounds, all of which related to certain alleged jurisdictional defects in the proceedings in justice court. It was not alleged that the appeal

had not been properly taken and perfected, or that the record had not been transmitted by the justice, nor did it state any other ground affecting the right of the district court to hear and determine the questions of law presented by the plaintiffs' appeal. The motion was denied. Thereafter the defendants interposed a demurrer to the complaint upon the ground that there is a defect of parties plaintiff and defendant. The further proceedings are recorded in the abstract as follows: "The demurrer overruled, and defendants moved for leave to answer, which motion was granted, after which defendants filed their answer, and to the counterclaim pleaded in said answer plaintiffs demurred. The defendants asked leave to withdraw said answer, and said leave to withdraw was granted. Defendants being in default, plaintiffs offered proof before the court in support of their claim." Thereafter judgment was entered for plaintiffs for the possession of the premises in question and the amount demanded for rent, as prayed for in their complaint, from which judgment this appeal is taken.

It is urged by counsel for defendants that the district court erred in denying their motion to dismiss the appeal. In this ruling, in our opinion, no error was committed. All of the several grounds upon which the motion was based went to the proceedings in the justice court, and none of them affected the jurisdiction of the district court to hear and determine the plaintiff's appeal, which, concededly, was regularly taken and perfected. This being true, it would have been error to have granted the motion, and thus deprive plaintiffs of the right to have the action of the justice in dismissing their case reviewed in the district court. It is further urged that the court erred in overruling the defendants' demurrer. No error was committed in this ruling. The demurrer was on the ground that there is a defect of parties. There is, in fact, no defect in parties, and it is not claimed that there is. The defendant's contention is that there are too many parties. That question is not reached by this demurrer. "A defect of parties for which a demurrer is allowed is a deficiency, not an excess, of parties." Bliss on Code Pleading (2d Ed.) section 411. "That is, the defendant cannot demur upon the ground that there are too many plaintiffs or defendants, but may do so if the petition shows that others should be joined. It must be a defect, and not a misjoinder." Maxwell on Code Pl. section 372. See also, *Lewis* v. *Williams,* 3 Minn. 151 (Gil. 95); *Nichols* v. *Randall,* 5 Minn. 304 (Gil. 240).

It is also urged that the district court, upon reversing the judg-ment of dismissal of the justice court, should have remanded the case to the justice for further proceedings, and that the entry of judgment by the district court was, therefore, erroneous. *Coughran* v. *Wilson* (S. D.) 63 N. W. Rep. 774, and *Lindskog* v. *Schouweiler,* (S. D.) 80 N. W. Rep. 190, are cited as sustaining this view  The cases are not in point.  These cases were decided under section 6136, Comp. Laws Dakota, which requires that the district court shall, upon an appeal from the justice court upon questions of law only, "when necessary and proper, order a new trial." The statute referred. to does not, in express language, state where the new trial is to occur, whether in justice or in district court; and, by construction, it was held to require the trial to be in the justice court.  The section under which this appeal is taken (section 6771a, Rev. Codes 1899) is. altogether different and leaves no room for construction.  It provides. that: "When the decision of the district court reopens the case for the trial of an issue of fact, the decision shall direct that the action be retained and placed on the calendar of the court for trial accord-ingly as in other cases."  The necessary effect of the decision of the district court upon plaintiffs' appeal in reversing the judgment. of dismissal was to reopen the case for trial upon the merits, and the plain language of the statute requires the trial to be in the district court, instead of being remanded to the justice court.  See *Grovenor* v. *Signor,* 10 N. D. 503, 88 N. W. Rep. 278.

Error is not assigned upon the court's order reversing the judg-ment of dismissal and reopening the case. We must assume, therefore, that it was proper.  The only errors presented are those which we have considered.

It follows that the judgment must be affirmed, and it is so ordered.. All concur.