GEORGIE S. LIVERMORE & another *vs.* COUNTY OF NORFOLK & another.

Norfolk.   March 9, 1904. — June 21, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Damages.   Way.   Pleading, Civil*, Parties.

A petition for damages from the "alteration of" a certain street in a town "by widening, straightening and relocation of the same, for the purpose of granting a location therein" for the tracks of a certain railway company, alleging that on a certain day the county commissioners adjudged "that the common convenience and necessity" required that the street should be "widened, straightened and relocated, as prayed for in said petition", is a petition for damages from an alteration of a highway to be paid by the county under R. L. c. 48, § 1, and not a petition for damages from the mere relocation of a highway which the county commissioners can order to be paid by the town under § 12 of the same chapter.

The misjoinder of a defendant in an action at law is not a good ground of demurrer for another defendant against whom a good cause of action is stated.

KNOWLTON, C. J.   This is a petition for the assessment of damages from the taking of land by the county commissioners of Norfolk County for highway purposes.   The petition is brought against the county of Norfolk and the town of Wellesley, and in accordance with the prayer of the petitioners, an order of

notice was issued and served upon both of these parties, and they have appeared as respondents. The county of Norfolk demurred to the petition on the ground that it was brought against two parties as joint respondents, who could in no event be jointly liable, and that two such parties cannot properly be joined in one petition. The demurrer was sustained, an order was entered that the petition be dismissed, and the petitioners appealed to this court.

The proceedings of the county commissioners involved a change of location and a widening and change of grade of Worcester Street, a highway in Wellesley. From the recitals in the petition for assessment of damages, which are all that is before us to show the details of the proceedings, it is not plain beyond the possibility of question whether the commissioners were acting under the R. L. c. 48, § 1, and making an alteration of the highway, or under the R. L. c. 48, § 12, and merely relocating it. If they were acting under the former section the petition for the assessment of damages should be brought against the county of Norfolk, which would be liable under the R. L. c. 48, § 52; if under the latter the petition should be brought against the town of Wellesley, which was ordered by the commissioners to pay the expenses of the change, including the land damages. R. L. c. 48, § 12. The only question before us arises on the demurrer of the county. The town has filed no pleadings. Besides the ground of demurrer already stated, there is another in general form, namely, that the petition and the matters therein contained, in manner and form as therein stated, are not sufficient to enable the plaintiffs to maintain their petition against this defendant.

We will consider first, whether, apart from the fact that the town is joined, a good cause of action is stated against the county. That depends upon whether the statement of the proceedings before the county commissioners shows action under the R. L. c. 48, § 1. The recital is that the petition before them was for an "alteration of said Worcester Street," which, if it stood alone, would plainly bring the case within this section. It continues with words of more specific statement as to the petition and their action upon it, as follows, "by widening, straightening and relocation of the same, for the purpose of

granting a location therein for the tracks of the Boston & Worcester Street Railway Company, did, on said third day of June, 1902, adjudge that the common convenience and necessity required that said Worcester Street be widened, straightened and relocated, as prayed for in said petition . . . and did establish the grade thereof," etc.   We are of opinion, for reasons stated at length in *Watertown* v. *County Commissioners*, 176 Mass. 22, that this description shows an alteration of the highway rather than a mere relocation of it, and that therefore the damages for the land taken are to be paid by the county.   The effect of an order that they should be paid by the town, in a case of this kind, was considered in *Ahearn* v. *Middlesex County*, 182 Mass. 518, which, as an authority, covers this part of the present case.

The petition sets forth a good cause of action against the county alone, and it does not set forth a cause of action against the respondents jointly.   The only remaining question is whether the demurrer can be sustained on the ground that the town has been made a party.   If the town had demurred, the case would be different, and the demurrer would be sustained, because no cause of action is stated against the town, and the town cannot be joined as a respondent with another party which alone is liable.   But the rule is that misjoinder of another party is not a good ground of demurrer for a defendant against whom the record shows a good cause of action on a several liability.   *New York & New Haven Railroad* v. *Schuyler*, 17 N. Y. 592, 604. *Brownson* v. *Gifford*, 8 How. Pr. 389.   *Gutridge* v. *Vanatta*, 27 Ohio St. 366.   *Bennett* v. *Preston*, 17 Ind. 291.   *Betson* v. *State*, 47 Ind. 54.   *Holzman* v. *Hibben*, 100 Ind. 338.   *Webster* v. *Tibbits*, 19 Wis. 438, 448.   *Truesdell* v. *Rhodes*, 26 Wis. 215. *Bronson* v. *Markey*, 53 Wis. 98.   *Lewis* v. *Williams*, 3 Minn. 151.   *Nichols* v. *Randall*, 5 Minn. 304.   *May* v. *Jones*, 88 Ga. 308.   Story, Eq. Pl. § 544.

The rule to the contrary stated in 1 Chit. Pl. (16th Am. ed.) 51, has not been followed.   This is not a case in which there is a joinder of different causes of action against different defendants, and no such ground of defence is set up in the demurrer. A declaration or petition presenting such a case is demurrable in favor of either or both the defendants.   *Trowbridge* v. *Forepaugh*, 14 Minn. 133.

In the present case the misjoinder of the town in the petition is a defect in the proceedings, but it cannot be taken advantage of by the county in this way.

*Judgment reversed; demurrer overruled.*

*C. E. Washburn*, for the petitioners.

*C. F. Jenney*, for the county of Norfolk, submitted a brief.