HERBERT L. PALMER

*vs.*

THE INHABITANTS OF THE TOWN OF BLAINE, et als.

Somerset.   Opinion October 3, 1916.

*Demurrer.  Misjoinder of party defendant;   How to be pleaded.*

Action of assumpsit on an account annexed.  Each defendant town de-
murred, assigning as the ground thereof that it had been declared against
jointly with the other towns.

*Held;*

1.  The declaration is sufficient to admit proof of a several liability of some
one of the defendant towns; and upon such proof, judgment could be
entered against that defendant, although a joint liability was not
established.
2.  A misjoinder of another party defendant is not a good ground of de-
murrer for a defendant against whom the declaration alleges a good
cause of action on a several liability.
3.  In the case at bar, it is not possible to determine, until the proof is made,
against which of the defendant towns a several liability may be established.
And for that reason all of the demurrers should have been overruled.

Action of assumpsit against the defendant towns on an account
annexed.  Defendants each filed demurrer.  Demurrers sustained.
Plaintiff filed exceptions to ruling of court sustaining demurrers.
Exceptions sustained.

Case stated in opinion.

*Manson & Coolidge,* for plaintiff.

*W. S. Brown,* for defendants.

SITTING:  SAVAGE, C. J., KING, BIRD, PHILBROOK, JJ.

KING, J.   Action of assumpsit on account annexed containing
sundry items, from an examination of which the inference is justi-
fiable that they represent school supplies.  Each defendant town
demurred assigning as the cause that it had been declared against

jointly with the other two towns. The demurrers were sustained and the case is before this court on exceptions to that ruling.

The language of the declaration is: "for that the defendants at said Pittsfield on the date of the purchase of this writ was indebted to the plaintiff in the sum of one hundred four dollars and seventy-seven cents, according to the account annexed, and then and there in consideration thereof promised the plaintiff to pay him said sum on demand." The only point made in support of the demurrers is the misjoinder of the defendants, the contention being that a municipal corporation cannot incur a joint liability without express legislative authority, and that no such authority is alleged in the declaration.

But the declaration is sufficient to admit proof of a several liability of one of the defendants, and upon such proof being made judgment could be entered against that defendant, although a joint liability was not established. R. S., c. 84, sec. 98. The misjoinder of another party defendant is not a good ground of demurrer for a defendant against whom the declaration alleges a good cause of action on a several liability. *Livermore* v. *County of Norfolk,* 186 Mass., 133. In such a case a demurrer for the other defendant on the ground of misjoinder might be sustained, because the declaration *shows* that the cause of action is not against him. But that is not this case. Here it is not possible to determine, until the proof is made, against which of the defendant towns a several liability may be established. For that reason we think all of the demurrers should have been overruled.

*Exceptions sustained.*