WILLIAM BROWN, Appellant, *v.* LOUISA M. CHERRY, Respondent.

(Argued October 3, 1873; decided January term, 1874.)

THIS action was brought to enjoin the foreclosure of a mortgage, executed by plaintiff, and to cause the same to be surrendered up and canceled.

The mortgage was upon an undivided one-third of premises situate in the city of Syracuse. The premises were conveyed to plaintiff under a parol agreement between him and one Caroline Stewart, a married woman, that he should hold the land for her benefit. She paid the consideration therefor. The referee found, that she was not present when the deed was executed and did not know

the form thereof, and supposed it was deeded to plaintiff for her benefit; that nothing was said as to the form of the deed. The mortgage in question was executed by plaintiff, without any consideration being received, but at the request of Mr. Stewart, husband of said Caroline, and to secure an obligation of his; plaintiff supposing it was at the request of Mrs. Stewart, who in fact knew nothing about it. The mortgagee had been informed that plaintiff held the title for the benefit of Mrs. Stewart.

The court below decided that the case was within the provision of the statute of uses and trusts (1 R. S., 728, § 51), declaring that where a grant for a valuable consideration shall be made to one, and the consideration paid by another, no trust results in favor of the latter, but the title vests in the former; and that the referee properly decided in favor of defendant. *Held*, error; that the case came within the exception contained in section 53 of said statute; and the conveyance, if made as directed by her, although ineffectual as a trust, would have vested the estate in herself, and she was, therefore, not estopped from claiming her interest in the mortgaged premises. (See *Lounsbury* v. *Purdy*, 18 N. Y., 515.)

*Mr. Hunt* for the appellant.

*Frank Hiscock* for the respondent.

GRAY, C., reads for reversal and new trial.
All concur.
Judgment reversed.