JOHN H. RANDALL, Administrator, *vs.* WILLIAM CONSTANS.

April 28, 1885.

**Complaint—Statute of Frauds—Agreement Presumed Valid.**—Where a complaint does not disclose that an alleged agreement, creating or declaring a trust over or concerning lands, was by parol, it will be presumed to be in writing and valid, within the requirements of the statute of frauds.

**Contract to Convey Land—Interest of Purchaser.**—A vendee of land is to be treated as the equitable owner, and his equitable interest may become the subject of a trust or power in trust, and is capable of being mortgaged.

**Trusts—Unauthorized Trust, Sustained as Power in Trust.**—Where an absolute deed is made to a grantee, with the intention of establishing a trust, and, as a part of the transaction, an agreement or declaration of

trust is duly executed by the parties in interest, such deed and agreement may be construed together as establishing the trust; and where the trust is one not enumerated in Gen. St. 1878, c. 43, and the performance of some act is authorized which may be lawfully performed under a power, it may, under section 14, be upheld as a power in trust.

Same—Parol Agreement held Insufficient to Create Trust.—In a case where there was no written declaration of trust, but the defendant received an absolute conveyance of lands, made to him as grantee under a parol agreement (which was the condition or inducement of the grant) to hold such lands in trust for the wife of the grantor, (it being intended as a provision or advancement for her,) and to collect rents, pay taxes and incumbrances thereon until opportunity for an advantageous sale, and thereupon to sell and dispose of the same, and account for and pay over to the *cestuis que trust* the net proceeds, *held*, that the transaction was invalid as an express trust, and, no fraud or artifice appearing in the inception of the agreement, the mere failure to perform the same did not constitute fraud, or raise a trust *ex maleficio* in her favor, which could be enforced as such; nor was she entitled, upon a sale of the land, to recover the proceeds thereof by virtue of the agreement to execute such trust.

Same—Right to Restitution.—But in such cases, where a valuable interest in property has passed to the grantee on the faith of a contract which he afterwards refuses to perform on his part, equity will provide a remedy (if seasonably sought) by compelling restitution, or affording other appropriate relief, to the party entitled.

Appeal by defendant from an order of the district court for Ramsey county, *Simons*, J., presiding, overruling a demurrer to the complaint, the allegations of which are substantially as follows:

In 1856 William H. Randall entered into a contract with one Daniel Hopkins to buy of said Hopkins, for the benefit of his wife, Elizabeth C. Randall, a certain tract of land in Ramsey county, (describing it.)   William H. Randall paid a portion of the price for the land, (the amount thereof being unknown to plaintiff,) and the contract was of great value to said Elizabeth C. Randall.

Before the time for final payment, William H. Randall became pecuniarily embarrassed, and it became impossible for him to promptly meet the payments and taxes on the land.   Prior to that time William H. Randall had assisted and aided the defendant in business, and

they were warm personal friends. In consideration of the kindness of William H. Randall, the defendant offered to advance the money necessary to complete the purchase, and to assist William H. Randall and his wife in protecting their interests in the land.

Thereupon it was "duly agreed by and between the said defendant and said William H. and Elizabeth C. Randall that said defendant should take a deed for said premises, and hold the same in trust for the benefit of said Elizabeth C. Randall until the same could be advantageously sold; and said defendant did duly undertake and agree to and with the said Elizabeth C. Randall to hold the said real estate in trust and for her benefit, to collect the rents, pay the taxes and incumbrances thereon, and sell the same, and, after deducting the difference between the sums collected for rents or otherwise from said land and the sums he should advance for said land, taxes, repairs, and insurance, to pay over the proceeds to the said Elizabeth C. Randall, without charge for his services in and about said trust; and afterwards defendant repeatedly promised the said Elizabeth C. Randall and the plaintiff, who was her agent and acted as such for her in the matter, that he would sell the said land and account for the proceeds." Under and pursuant to this agreement and at the request of William H. and his wife, Hopkins conveyed the land to defendant, who paid therefor a sum unknown to plaintiff, and who went into possession under and pursuant to the agreement, and collected large sums for rents, right of way, and other purposes, the amount of which is unknown to plaintiff.

In February, 1883, the defendant sold and conveyed the land for $8,600, which sum exceeds all sums expended by defendant in and about the land, but the amount of the difference is unknown to plaintiff. An accounting has been duly demanded and refused.

William H. Randall died intestate in 1861, Elizabeth C. Randall died intestate in 1877, and, in June, 1883, plaintiff was duly appointed administrator of the estate of Elizabeth C. Randall.

The prayer of the complaint is for an accounting and for judgment for such amount as may be found to be due on such accounting.

*Warner & Stevens*, for appellant.

The alleged agreement was without consideration and void. Past

kindness and subsisting friendship do not constitute a legal consideration for a promise.   Pollock on Cont. *158;  Wharton on Cont. §§ 493, 512, 519;  *Dorsey* v. *Packwood*, 12 How. 126.   The agreement was void under Gen. St. 1878, *c.* 43, §§ 1, 11.   It was so vague as to be void.   Pollock on Cont. *25–27;  *Sharpe* v. *Rogers*, 12 Minn. 103, (174.)   The contract only contemplated a reasonable length of time and certainly not for 27 years.   The claim is stale.

*Williams & Goodenow*, for respondent.

VANDERBURGH, J.   It stands admitted upon the pleadings that one William H. Randall held a contract for the purchase of the land described in the complaint, made with one Daniel Hopkins, as vendor, upon which he had paid a portion of the purchase-money, and alleged to be of great value to the wife of Randall, for whom the purchase was made.   Before the final payment of the purchase-money, Randall having become financially embarrassed, and unable to fulfil on his part, the defendant, who was his personal friend, volunteered to aid him, and to advance sufficient to complete the purchase.   And it is alleged that thereupon it was duly agreed between him and Randall—Mrs. Randall also being a party—"that the defendant should take a deed of the premises and hold the same in trust for the benefit of said Elizabeth C. Randall until the same could be advantageously sold; and said defendant did duly undertake and agree, to and with the said Elizabeth, to hold the said real estate in trust and for her benefit, to collect the rents, pay the taxes and incumbrances thereon, and sell the same, and, after deducting the difference between the sums collected and the sums he should advance, pay over the proceeds to the said Elizabeth C. Randall."   That defendant, in pursuance of this arrangement, completed the purchase and received a deed of the premises from Hopkins, at the instance and request of Mrs. Randall, and took possession under such agreement, receiving the rents and profits, and paying the taxes, till the year 1883, when he sold and converted the property into cash.   In the mean time both Mr. and Mrs. Randall had deceased, and this action is brought by the administrator of the latter for an accounting, and to recover a balance alleged to be due her estate on account of the transaction, after deducting all claims of defendant for advances made by him in

and about the trust. It is also alleged that defendant had frequently promised Mrs. Randall and plaintiff, as her agent, to sell the land and account for the proceeds. Subsequent to the sale, plaintiff, as her administrator, duly demanded that he should account for and pay over the balance due the estate, which defendant has refused to do.

The sufficiency of the allegations of the complaint upon the demurrer is the question before the court on this appeal. It does not appear by any averment in the complaint whether the agreement or declaration of trust, if such it may be called, was in writing or by parol. In the absence of any admission on the subject upon the argument, it may be presumed that the agreement referred to was in writing, and valid within the requirements of the statute of frauds. *Wentworth* v. *Wentworth*, 2 Minn. 238, (277;) *Cozine* v. *Graham*, 2 Paige, 177; 2 Reed, St. Frauds, § 505, and cases; Hill, Trustees, 93, notes. In this view we think the case might easily be disposed of. In equity, Randall was to be deemed the owner of the land, and Hopkins the trustee of the legal title, subject to the payment of the amount due under the contract. Randall had, therefore, a valid interest to protect, which might be made the subject of a trust or power in trust, to be determined by the nature of the agreement between the parties. *Stoddard* v. *Whiting*, 46 N. Y. 627, 632, 633; *Carr* v. *Carr*, 52 N. Y. 251. The deed from Hopkins, and the agreement or declaration of trust, (which we have seen must be presumed to have been properly executed,) may be construed together as parts of one transaction, and establishing the trust as to Randall's equity, which was, it seems, to be turned over to Mrs. Randall. *Wright* v. *Douglass*, 7 N. Y. 564.

It will be observed, however, that the declaration of trust sought to be created is not among those permitted by the statute of uses. Gen. St. 1878, c. 43. Neither is the instrument in form a power in trust, as defined by the statute; but, except for the statute, the trust would be valid as an express trust; and, in such cases, where it is intended to authorize "the performance of any act which may be lawfully performed under a power," it shall be deemed valid as a power in trust. Chapter 43, § 14. The form of the instrument con-

stituting the trust in such cases is not material if properly executed. If it were required to be a formal power in trust, then the provisions of section 14 would be meaningless. The trust declared becomes, under that section, constructively a power in trust. The case is illustrated by *New York Dry-dock Co.* v. *Stillman*, 30 N. Y. 174. We are of the opinion, therefore, that the complaint may be sustained on this ground.

But plaintiff's argument is largely directed to the establishment of a parol trust. It is proper, therefore, also to consider the case upon the assumption that there was no declaration of trust, though, if an answer shall be filed, the issues may be so presented that the discussion may, perhaps, prove of little value in the case.

The statute controlling the effect of such agreements provides that no trust or power over lands, or in any manner relating thereto, shall be created or declared except by deed or conveyance in writing, saving, however, such as might arise by implication or operation of law. The purpose of the transaction, as alleged in this case, was, undoubtedly, while securing defendant for his advances, to save for Mrs. Randall the benefit of her husband's equity in the land. *McLanahan* v. *McLanahan*, 6 Humph. (Tenn.) 99. To such equity in the land was the trust or power intended to relate. The plaintiff claims that the trust is established, because admitted by the demurrer. He also insists that the defendant, having finally disposed of the estate, has completed the trust, and is liable under the agreement to the *cestuis que trust* for the net proceeds above the amount of his advances and expenditures. It was undoubtedly entirely competent and lawful for him to recognize and execute the trust, though it could not be enforced while still executory. The trust also rests on a strong moral obligation, in view of the fact, if the complaint be true, that he received the property upon such trust and condition. *Robbins* v. *Robbins*, 89 N. Y. 251; *Karr* v. *Washburn*, 56 Wis. 303. This contention is necessarily based upon the assumption that the stipulation in the agreement to account and pay over the proceeds of the land to the plaintiff's intestate was independent and severable, and not within the statute, so that, upon the consummation of the sale, a cause of action arose in plaintiff's favor for the balance agreed to be paid.

It is held that an agreement upon sufficient consideration to pay over to a third party a certain portion of the price or proceeds received upon the sale of specific real property, is not within the statute of frauds. *Gwaltney* v. *Wheeler*, 26 Ind. 415; *Hess* v. *Fox*, 10 Wend. 436; *Graves* v. *Graves*, 45 N. H. 323. So also of an agreement to share the profits on the sale of lands. *Snyder* v. *Wolford*, *ante*, p. 175, and cases cited. An action may also be maintained for the consideration for which land has been conveyed by deed under a parol agreement. The bargain, being consummated by the execution and delivery of a deed, is liable to no objection arising from the statute of frauds. *Bowen* v. *Bell*, 20 John. 338; *Basford* v. *Pearson*, 9 Allen, 387.

The agreement, however, set out in the complaint, is not a mere agreement to sell and dispose of land, but a trust or power for the disposition thereof, which is required to be specifically declared, and the management, sale, and accounting to the *cestuis que trust* together constitute the trust. The net result was to accrue to plaintiff's intestate. It is not admitted that he made the sale in execution of the trust or in pursuance of the agreement, or that he holds the funds as trustee of plaintiff. In *Robbins* v. *Robbins*, *supra*, the sale had been completed under a parol trust, and the securities received therefor had been turned over to the *cestuis que trust*, though not formally assigned, and the court very properly refused to interfere in behalf of the alleged trustee. In *Tracy* v. *Tracy*, 3 Bradf. 57, the trustee admitted the trust as to the moneys in his hands received on a sale of lands which had been conveyed to him under a parol trust, and the trust was sustained as valid, there being an independent declaration or manifestation of a trust in personal property by parol, which is permitted, not being within the statute. *Day* v. *Roth*, 18 N. Y. 448. It is apparent, therefore, conceding the alleged agreement to rest in parol, that, upon the case stated in the complaint, the plaintiff is not entitled to enforce the promise to account and pay over the net proceeds of the land in an action based on the agreement in question. It would be equivalent to ingrafting a power in trust by parol upon an absolute deed. *Rathbun* v. *Rathbun*, 6 Barb. 98.

The plaintiff, in his complaint, proceeds upon the theory of an ex-

press trust; but if this is invalid, it is further insisted that the facts disclosed in the pleading are sufficient to constitute defendant trustee for Mrs. Randall, and that he should be charged accordingly. There is no doubt that the grant constituted a sufficient consideration for defendant's promise to execute the trust, but the trust must also be declared in writing, and the mere failure or refusal of a party to fulfil his agreement is not alone sufficient to convert him into a trustee so as to enable the court to enforce the trust on such ground. *Wheeler* v. *Reynolds*, 66 N. Y. 227; *Levy* v. *Brush*, 45 N. Y. 589. There are, however, several well-defined classes of cases in which equity will interpose to afford appropriate relief. Where, for instance, there is fraud or artifice in procuring the title to property, or the same is wrongfully taken or retained in his own name by one occupying a fiduciary relation, a trust results in favor of the party equitably entitled. *Swinburne* v. *Swinburne*, 28 N. Y. 568; *Lounsbury* v. *Purdy*, 18 N. Y. 515; *Brown* v. *Lynch*, 1 Paige, 147; *Sweet* v. *Jacocks*, 6 Paige, 355; *Reitz* v. *Reitz*, 80 N. Y. 538; Gen. St. 1878, c. 43, § 9. These and similar cases are not within the statute; and, generally, "where the legal title is obtained by fraud, equity turns the fraudulent procurer into a trustee in order to get at him." But it is not the parol agreement, if there be one, upon which the court acts in such cases; it is the fraud which gives the court jurisdiction to administer the appropriate relief by enforcing the trust attempted to be created, or decreeing restitution, as circumstances may require. *Wheeler* v. *Reynolds*, 66 N. Y. 227. So, also, we think it may be stated as a general rule that where the grantor parts with property on the faith of the promise of the grantee to hold it as security, or to fulfil a trust concerning it, equity will not permit such grantee to retain the property in violation of his agreement, but will compel him to restore it or its value, or the proceeds thereof, and in proper cases may enforce it if partly performed, and justice could not otherwise be done in the premises. *Ryan* v. *Dox*, 34 N. Y. 307; *Levy* v. *Brush*, 45 N. Y. 589, 597; *Carr* v. *Carr*, 52 N. Y. 251, 260; *Church* v. *Kidd*, 3 Hun, 254, 265, and cases cited; *Bowery Nat. Bank* v. *Duncan*, 12 Hun, 405, 408; *Madigan* v. *Mead*, 31 Minn. 94.

It is not material that the legal title passed to the grantee from a

third party who held the title as trustee for the equitable owner, the transaction being for the benefit of the latter. Such transfers, whatever the particular form, when made to secure a debt or advances, are usually construed to be in the nature of mortgages, and upon that basis adequate relief can ordinarily be administered. *Stoddard* v. *Whiting*, 46 N. Y. 627; *Carr* v. *Carr, supra.* Familiar instances of the application of similar principles at law are actions in *assumpsit* to recover back a consideration paid by a party upon a contract which the opposite party repudiates, and cannot be compelled to fulfil by reason of the statute of frauds. Browne, St. Frauds, § 122; *Johnson* v. *Krassin*, 25 Minn. 117.

In *Siemon* v. *Schurck*, 29 N. Y. 598, relied on by plaintiff's counsel, a deed was taken in the name of a third party, without the knowledge or consent of the person who, as the court determines, substantially furnished the consideration, and on that ground (see page 615) it was properly held that a trust resulted in her favor which the court might enforce. Besides, the trust had already been executed by a conveyance to her, the case turning upon the validity of a judgment lien. We do not agree to the dictum in the principal opinion, that where the consideration is paid by one person, and an absolute deed taken in the name of another, a trust, in the nature of a resulting trust, may be created by parol for the benefit of a third person. We think such trusts are not permitted under our statute of uses and trusts. So, also, *Foote* v. *Bryant*, 47 N. Y. 544, cited by plaintiffs, was another case of implied trust arising chiefly from the acts and situations of the parties, and provable by parol, and where an absolute deed was taken in the name of the trustee, as the court construes the evidence, without the knowledge of the plaintiff. To the same effect are *Brown* v. *Cherry*, 57 N. Y. 645; *Fairchild* v. *Fairchild*, 5 Hun, 407.

This case does not fall within the rule governing the last-mentioned cases, nor does it appear that there was any fraud or artifice in the original transaction. But a recovery, if at all, must be upon the ground that an interest of value to the parties passed to the defendant on the faith of the contract which the defendant refuses to perform; the relief in such cases being, as before stated, a decree for res-

titution, or its equivalent, to the party entitled, within the rule laid down in *Ryan* v. *Dox, supra.* That is to say, while a parol agreement to execute a trust cannot be enforced, and a mere refusal to perform a contract is not in itself a fraud, yet, where property has been conveyed in reliance upon its fulfilment, equity will not permit a party to retain the property and refuse to perform the agreement, and thereby consummate a fraud upon the opposite party by so retaining it without consideration, and in violation of his agreement. *Levy* v. *Brush, supra,* 597.

As respects the statute of limitations, or the effect of lapse of time, these are questions which will more properly arise upon the trial of the issues of fact. In the case of express trusts, unless repudiated, the statute does not run. Where the aid of a court of equity is sought to establish a trust or a mortgage by legal construction, the same diligence is required as in other equitable suits. Where there is fraud of which the plaintiff is ignorant, or a trust is shown to have been entered on and kept on foot, or acknowledged and acted on, so that a denial of it would work a fraud, the statute will not be set in motion until notice of the facts constituting the fraud or a denial of the trust. *Reitz* v. *Reitz,* 80 N. Y. 538; *Barker* v. *White,* 58 N. Y. 204.

The rule is also well settled that, after considerable lapse of time, the evidence establishing a parol or an implied trust ought to be very clear and satisfactory. 3 Reed, St. Frauds, § 974; Bisp. Eq. § 80.

The allegations of the complaint are very indefinite and general; but, for the reasons hereinbefore stated, we think it should be held sufficient upon demurrer.

Order affirmed, and case remanded for further proceedings.