ALBERT M. SCOTT *vs.* SAMPSON A. REED and others.

May 8, 1885.

Purchase of Land with Knowledge of Unrecorded Deed—Conveyance
to Innocent Purchaser—Liability of Vendor to First Grantee.—
If one procure a conveyance of property, knowing at the time that the
title is in another under an unrecorded deed from the same party, it is a
fraud in him to take advantage of the want of registration to defeat the
unrecorded title; and if he subsequently convey the property, or cause it
to be conveyed, to an innocent purchaser for value, whose conveyance is
protected by registration, he will be liable in damages for the value of the
property to the grantee in the unrecorded deed, or his successors in in-
terest.

The allegations of the complaint in this action are substantially as
follows, viz.:

On November 1, 1879, one Samuel S. Small was the owner of a
certain lot in Minneapolis, and conveyed it by warranty deed, his
wife joining therein, to one S. J. Wooster, which warranty deed has
never been recorded. On the same day Wooster mortgaged the lot
to plaintiff, who duly recorded his mortgage, and afterwards the mort-
gage was duly foreclosed by advertisement, plaintiff becoming the pur-
chaser at the foreclosure sale, which took place March 6, 1882. The
time to redeem from the foreclosure expired without any redemption
being made, and plaintiff has never sold or assigned his estate and
interest in the land.

On March 8, 1882, defendant Sampson A. Reed, "well knowing the
facts aforesaid, and designing and intending to defraud said plaintiff
out of said real estate" procured from Small and wife, for his own
use and benefit, a quitclaim deed of the lot to defendant Celia A.
Eells, who also had knowledge of the above facts, which deed was
duly recorded. On February 1, 1883, defendant Sampson A. Reed
procured a quitclaim deed of the lot from defendant Eells to defend-
ant Abbie E. Reed, who also had knowledge of all the above facts, to
be made and recorded.

On June 12, 1883, defendant Sampson A. Reed procured a quit-

claim deed of the lot to be made and delivered by defendant Abbie E. Reed to one Arthur E. McMullin, who was an innocent purchaser in good faith and for a valuable consideration. The consideration paid by McMullin was paid to defendant Sampson A. Reed, in whose interest the deeds to and by the other defendants were made.

By reason of these acts of the defendants, the plaintiff has been defrauded out of the real estate, which is of the value of $800, for which sum judgment is demanded against defendant Sampson A. Reed.

The cause being at issue and coming on for trial in the district court for Hennepin county, the defendants moved to dismiss, on the ground that the complaint does not state facts sufficient to constitute a cause of action. This motion was granted by *Young,* J., and the plaintiff appeals from the judgment of dismissal.

*A. M. Scott* and *McHugh & McHugh,* for appellant.

*Seagrave Smith,* for respondent.

MITCHELL, J.[1] If one take or procure a conveyance of property, knowing at the time that the title is in another, though unrecorded, derived from the party with whom he treats, it is a fraud in him to take advantage of the want of registry to defeat the outstanding title by taking a conveyance to himself or to a third party. And if he subsequently conveys the property, or causes it to be conveyed, to an innocent purchaser for value whose conveyance is protected by registration, he will be liable in damages for the value of the property to the grantee in the unrecorded deed, because by such fraudulent acts the latter has been deprived of property which was rightfully his. *Le Neve* v. *Le Neve,* 1 Ves. Sr. 64; *Ludlow* v. *Kid,* 4 Ohio, 244; *Robinson* v. *Boyd,* 17 Mich. 128. These elementary propositions are decisive that the complaint in this action stated a cause of action, and ought not to have been dismissed. There is no force in the suggestion that Wooster, the immediate grantee in the unrecorded deed, and not plaintiff, was the party injured. Plaintiff had succeeded to the rights of Wooster by purchase of the premises at a foreclosure sale under a mortgage executed by the latter. Neither is it impor-

---

[1] Berry, J., was absent and took no part in this case.

tant that the complaint does not allege that plaintiff knew of the unrecorded deed when he purchased. The fact remains that he was deprived of property, lawfully his, by the fraud of defendant.

Judgment reversed, and new trial ordered.

[1] Berry, J., was absent and took no part in this case.