JAMES A. SMITH and another *vs.* JOHN E. GLOVER.

August 19, 1890.

**Equities of Plaintiffs under Unrecorded Contract Defeated by Conveyance to Bona Fide Purchaser — Remedy of Plaintiffs.** — Page and Pereles, pursuant to an agreement with the defendant, Glover, and one McClure, purchased timber lands in Wisconsin in 1872, taking the title in their own names. The contract (not recorded) contemplated that within three years enough of the lands should be sold to discharge certain obligations of Glover and McClure to Page and Pereles connected with the purchase, and that one-half of the remainder of the land should be conveyed to Glover and McClure. By assignments from Glover and McClure their equitable interest in the land was transferred to the plaintiffs. None of the lands having been sold, and Page and Pereles having died, their successors holding the legal title sold and conveyed the lands to one Goss, in 1882, by the procurement of Glover, Goss being an agent for Glover for this purpose; and in 1883, Glover procured Goss to sell and convey the land to innocent purchasers having no notice of plaintiffs' equities under the unrecorded contract, so that they took a good title, unaffected by such equities. Glover procured these conveyances to be made for his own benefit, and to defraud the plaintiffs of their equitable interest in the lands, and he received the profits of the transaction,—the price paid for the land exceeding what was due from the plaintiffs, as the assignees of Glover and McClure, to the successors of Page and Pereles. *Held,* that a complaint setting forth these facts shows a cause of action against Glover.

**Same—Parties to Suit.** — The successors of Page and Pereles, who had conveyed the land, were not necessary parties to an action against Glover.

**Same—Limitation of Action—Express Trust.** — The statute of limitations does not operate to bar relief against one standing in the relation

of a trustee under an express trust, so long as the trust relation is not repudiated.

**Same—Limitation—Non-Resident Defendant.**— The defendant having been a non-resident, the action is not barred by the statute of limitations.

Appeal by defendant from an order of the district court for Ramsey county, *Brill, J.,* presiding, overruling his demurrer to the amended complaint.

*Warner, Richardson & Lawrence,* for appellant.

*Stringer & Seymour,* for respondents.

DICKINSON, J.   This is an appeal by the defendant from an order overruling his demurrer to the complaint.   The complaint states the following facts:   In August, 1872, Page and Pereles entered into a contract in writing and under seal, with Glover (defendant) and Mc-Clure, all residents of Wisconsin, which was in substance as follows: Glover and McClure were to select and locate pine timber lands, which Page and Pereles were to enter and pay for, to take the patents therefor in their own names, and to hold the same until such time, not exceeding three years, as might seem advisable to all the parties.   They were not to sell any of the lands or the timber within three years from the entry without the consent of Glover and Mc-Clure, and then only such an amount as would repay them (Page and Pereles) for their disbursements in purchasing the lands, with taxes paid thereon and interest.   If the parties could not agree to sell or hold the land, then it should be divided by lot.   After sufficient lands or timber should be sold to reimburse Page and Pereles their disbursements, they were to convey to Glover and McClure the undivided one-half of the remaining lands in fee.   Glover and McClure were to pay annually to Page and Pereles interest at the rate of 10 per cent. a year on one-half of the amount invested by the latter and remaining unpaid, after applying in reduction thereof what might be realized from sales.   McClure was to visit the lands yearly, to ascertain if trespass had been committed, and he and Glover were to protect the land from trespass.   Shortly after the making of this contract McClure assigned to Glover all his interest therein, and in August, 1874, Glover assigned to these plaintiffs all his in-

terest in the same and in the lands to which it related, the plaintiffs paying to him a valuable consideration therefor. Neither the original contract nor the above assignments were ever recorded, or acknowledged so as to entitle them to be recorded. Prior to the above assignments, and in the months of August and September, 1872, Glover and McClure performed their part of the contract with respect to the selection of lands, and Page and Pereles provided the necessary funds, and purchased 2,330 acres of land so selected, situated in the state of Wisconsin, taking the title in their own names; and in December following they executed a written acknowledgment of their having entered and that they held such lands under the said contract. Pereles and Page both died prior to the year 1882, without having sold any of such lands. In July and August of that year a person who had succeeded to the legal estate of Pereles, and another person who, by will, had been invested with the power of sale of the estate of Page, conveyed all said lands to one Goss, by quitclaim deed, for the aggregate consideration of $18,500, which deed was recorded. In September, 1883, Goss sold and conveyed the same lands to persons who purchased the same in good faith for a price paid of more than $20,000, as the plaintiff is informed and believes, which deed was also recorded. The plaintiff did not learn of such conveyances until February, 1889. This action was commenced in the following August.

The conveyances to Goss, and by him to the *bona fide* purchasers, are alleged to have been procured by the defendant for his own benefit, and to defraud the plaintiffs of their interest in the lands; Goss acting for the defendant, in whose interest the deeds were made, and to whom the profits of the transaction belonged. The statute of Wisconsin is set forth, showing that the recorded deed to the *bona fide* purchasers would transfer to them the title unaffected by the equitable rights of the plaintiffs under the unrecorded contract. It is alleged, on information and belief, that the amount for which the lands were sold was largely in excess of what was necessary to reimburse the sums paid by Page and Pereles, in accordance with the contract, for the purchase of the land, including the taxes and interest. The plaintiffs are residents of this state. The defend-

ant is a resident of the state of Wisconsin, as also were Page and Pereles. The plaintiffs ask for an accounting as to the money received from the sales of the land, and as to the taxes paid, and for judgment for what may be found due them after deducting the amount advanced by Page and Pereles for the purchase of the land, with interest due thereon and taxes paid, and for general relief.

It is not contended on the part of the appellant that Glover and McClure did not acquire an equitable interest in the lands conveyed to Page and Pereles pursuant to the contract between them, and held by the latter under their written declaration that it was so acquired and held. Hence we assume, without discussion, that Glover and McClure had an equitable interest in the land, which they might have enforced in a court of equity. These plaintiffs, by the assignments from McClure and Glover, acquired the equitable rights of the latter, and the assignors ceased to have any beneficial interest in the contract, or in the lands to which it related.

The plaintiffs' right of action obviously rests upon the theory that Glover and McClure acquired an equitable interest in the lands conveyed to Page and Pereles pursuant to the contract, and held by them under their written declaration that it was so acquired and held; and that, as to the equitable rights of Glover and McClure in the land, the holders of the legal title stood to them in the relation of trustees. The appellant does not contend against this theory of the case, and we assume it to be correct, as we think it is. By the conveyances to Goss in 1882, and by him to the innocent purchasers in 1883, the plaintiffs were effectually divested of their equitable interest in the *lands*. The allegations of the complaint, charging that the defendant procured the execution of these conveyances for his own benefit, with the design of thus defrauding the plaintiffs, are not satisfactorily clear and definite; and especially unsatisfactory is the allegation that the deeds were made in the interest of the defendant, and that the profits of the transaction belonged to him. But, while the pleading was objectionable by reason of its being indefinite, we are not prepared to say that it does not disclose a cause of action. If the defendant, having himself no interest in the land, and knowing as he did the equitable interest of

the plaintiffs, created by his own assignment to them, procured the legal title to be conveyed to innocent purchasers, so as to defraud the plaintiffs, a cause of action arose for the recovery of damages. *Scott* v. *Reed*, 33 Minn. 341, (23 N. W. Rep. 463.) But, taking the whole complaint together, it would seem that the defendant procured these conveyances to be made in his own interest, the first grantee, Goss, being his own representative, and received the consideration, save so much as under the contract was properly payable to Page and Pereles or their successors in interest. It would seem that that is what is referred to as "the profits of the transaction." In that view of the case the defendant may be held liable for what was thus received in excess of what was paid or payable to the successors in interest of Page and Pereles.

So far as appears from the complaint, the successors of Page and Pereles are not necessary parties to this action, in which Glover only is charged with responsibility. If, as seems to be the case, the persons whose non-joinder is one of the grounds of the demurrer have been satisfied for what they may have been entitled to receive under the contract on account of the expenditures made in acquiring and holding the land, their interest in respect to that matter has ceased, and their presence as parties was not necessary for their own protection. The matters alleged as a cause of action between the plaintiffs and this defendant may be determined, and the judgment be executed, without affecting any rights of those persons. Whether their *testimony* may be found to be necessary upon the trial of any issue which may be joined in this action is not the question now presented. It is enough that their joinder as *parties* is not *necessary* to the determination of this cause, either from considerations affecting their interests or those of the defendant.

It is said that this action ought not to be maintained, because the plaintiffs had an adequate remedy in an action at law against the successors of Page and Pereles. It is a sufficient answer that, upon the facts stated in the complaint, a legal cause of action against them is not shown.

It is urged that this action is barred by the statute of limitations, and equitably by the plaintiffs' laches. The contention that the stat-

ute of limitations commenced to run, as respects the plaintiffs' rights under the contract, at the expiration of three years after it was entered into, cannot be sustained. While the contract contemplated that within three years enough land should be sold to reimburse the expenditures of Page and Pereles, the fiduciary relation of the parties with respect to the land unsold did not then cease. A partition of the land thereafter was contemplated. The plaintiffs stood in the position of *cestuis que trustent* under an express trust, and statutes of limitation would not commence to run so long as the trust was not repudiated. *Randall* v. *Constans*, 33 Minn. 329, 338, (23 N. W. Rep. 530.) The plaintiffs' equitable rights were unbarred and enforceable at the time of the acts of the defendant by which the plaintiffs were divested of their equitable interest in the land, and for which a recovery is now sought against him. The cause of action against him then arising has not since become barred, for the reason that the defendant was and has continued to be a non-resident of this state, of which the plaintiffs were and have continued to be residents. Gen. St. 1878, *c.* 66, §§ 15, 16; *Hoyt* v. *McNeil*, 13 Minn. 362, (390.) See *Fletcher* v. *Spaulding*, 9 Minn. 54, (64.) Besides the fact of the defendant's non-residence, the averment that the plaintiffs did not know of the facts alleged against the defendant until a few months prior to the commencement of this action bears upon the question of laches. We think that laches are not so conclusively shown as to forbid a recovery.

From the fact admitted that Glover and McClure did not in accordance with the stipulations of the contract visit the land to protect it from trespass, it being further averred that no damage resulted therefrom,—that no trespass was committed,—it does not follow that the contract ceased to be of any force, or that the equitable rights assigned to the plaintiffs were thereby extinguished.

Order affirmed.