EMMA NORGREN *et al. vs.* RUFUS P. EDSON *et al.*

Argued Nov. 21, 1892.  Decided Dec. 16, 1892.

**Action for the Conversion of Real Estate.**

> An action will not lie to recover the value of real estate as for converting it against one who caused it to be sold under execution issued on a judgment which had been paid; certainly not unless such person has conveyed to a *bona fide* purchaser.

Appeal by defendants, Rufus P. Edson et al., from an order of the District Court of St. Louis County, *Stearns, J.,* denying their motion for a new trial.

*Cotton & Dibell,* for appellants.

*William E. Wright* and *F. D. Culver,* for respondent.

GILFILLAN, C. J.   Upon a judgment against Carl Norgren, one of the plaintiffs, alleged to have been paid, the defendants caused an execution to issue, and real estate of the plaintiffs to be levied on and sold thereunder, and themselves became the purchasers.

The action is not to remove the cloud on the title created by the sale, but to recover the value of the land as though the sale, in and of itself, divested the plaintiffs' title, and was equivalent to the conversion of the real estate to the defendants' use.   It does not enter into the theory of the action as brought by plaintiffs that, by reason

of the sale and of the judgment not appearing satisfied of record, the defendants enabled themselves to and did make a conveyance to a *bona fide* purchaser, who could claim against plaintiffs that, the judgment not being satisfied of record, they are estopped to assert that it was paid, and the sale unauthorized and void, so as to defeat a title taken by him on the faith of the record. No such facts are alleged or proved. The action rests on the bald proposition that, by the wrongful sale, plaintiff's title passed to defendants.

On that proposition the action will not lie. The only authority for the sale was the judgment, and, if that was paid, it and the authority to sell under it ceased to exist; and any sale by reason of it, being without authority, would be absolutely void, unless as to some purchaser who could invoke the doctrine of estoppel to prevent plaintiffs asserting that the judgment was paid. These defendants could not invoke it, for, if the judgment was paid, they knew it. The only effect of the sale was to cast a cloud on the title, and, so long as they did not convey, the plaintiffs' only remedy was by action to remove such cloud.

The order denying a new trial will be reversed, and the cause remanded for such further proceedings as to the court below shall seem proper.

Order reversed.

(Opinion published 53 N. W. Rep. 876.)