JAMES A. SMITH *et al. vs.* JOHN E. GLOVER.

Argued July 7, 1893. Affirmed Aug. 17, 1893.

**Findings Supported by the Evidence.**
    Evidence *held* to justify the findings of fact.

Appeal by plaintiffs, James A. Smith and R. C. Libbey, from an order of the District Court of Ramsey County, *Chas. E. Otis*, J., made March 18, 1893, denying their application for a retrial.

On a former appeal in this action, reported *Smith* v. *Glover*, 50 Minn. 58, this court determined the legal rules controlling it, and their application to the established facts. For a statement of those facts reference is made to that report. On the former trial certain evidence was improperly excluded which bore upon the question whether all rights under the contract with Page and Pereles had been abandoned. Because of that error the question of such abandonment was ordered retried, this court saying:

"As we have seen, there was error in excluding evidence offered on the issue of abandonment. As to all the other issues the cause was properly tried and decided. As the issue of abandonment is independent of the other issues in the case, and may be adequately tried without reference to such other issues, we order a new trial as to that issue only; and if, on such trial, it shall be found that plaintiffs did abandon their rights under the contract, then the court below will render judgment for the defendant; but if it be found that they did not abandon such rights, then it will cause judgment to be entered for the plaintiffs as by it directed on the trial already had."

Such retrial was had on November 9, 1892, and subsequent days. Over six hundred printed pages of evidence and exhibits were sub-

mitted. The court found that plaintiffs who succeeded to the rights of Glover and McClure under the contract had wholly abandoned all those rights prior to 1879, and had made no move to regain them until 1889, and directed judgment for defendant. The plaintiffs moved for a new trial, but were denied. No legal question was involved or discussed on this retrial. The relevant evidence presented a great number of minor and collateral facts, bearing upon the ultimate fact of abandonment. The trial court held that indifference, inattention and nonaction on the part of the plaintiffs for a continuous and unbroken period of over ten years was evidence of such abandonment. No benefit would be derived from a statement of the details, as found by the court, or as discussed in the briefs of counsel.

*Stringer & Seymour* and *Jno. M. Gillman,* for appellants, cited *Schriber* v. *Le Clair,* 66 Wis. 579, and *Honore* v. *Hutchins,* 8 Bush, (Ky.) 687.

*Warner, Richardson & Lawrence,* for respondent.

COLLINS, J. This case has been twice before this court, and may be found reported in 44 Minn. 260, (46 N. W. Rep. 406,) and 50 Minn. 58, (52 N. W. Rep. 210, 912.) On the last appeal it was remanded for a new trial only of the issue whether plaintiffs had abandoned their rights under the contract. On this the court below found against them, and the only question presented by this appeal is whether the evidence justified the finding of fact. As this was purely a question of the weight of evidence, and as we have arrived at the conclusion, from a thorough examination, that it amply warranted the finding, no good purpose would be subserved should we discuss the facts at length, especially as this has been done by the trial court in his memorandum, which, while in a few minor matters is fairly subject to some of the criticisms of counsel for plaintiffs, states the general nature and effect of the evidence very fairly, in our opinion. We will state, however, one or two errors into the learned counsel for plaintiffs have fallen, we think, and which may have very materially and noticeably affected their views throughout their discussion of the case as to the weight of evidence.

First, they seem to assume that in the former appeals we held that the existence of certain facts was insufficient to establish abandonment of the contract by their clients, and, with this assumption, they then proceed to argue that the new evidence introduced at the last trial on this question had added nothing. A reference to the opinions on the former appeals will show that we did not so hold or decide. On the first appeal we merely determined that laches, which depend on a variety of considerations, did not so clearly appear from the allegations of the complaint as to justify us in holding, upon a demurrer to the pleading, that a recovery could not be had. On the second appeal a new trial was ordered, on the ground that certain evidence on the issue of abandonment had been improperly excluded.

The other error of counsel to which we refer is in construing the communication of date September 24, 1875, (Exhibit F,) from Pereles, through Van Kirk, to plaintiff Smith, as authorizing the latter to remain quiescent, and to do nothing either in the way of performing his contract or otherwise, until such time in the future as Pereles' and Page's personal representative might sell the land, and turn over to plaintiffs their share or interest in the proceeds. We do not think the communication referred to fairly admits of any such construction.

Order affirmed.