# JOSEPH KASAL v. THOMAS HLINKA and Others.[1]

May 31, 1912.

Nos. 17,409—(33).

**Executory contract of sale — specific performance by assignee.**

Where the purchaser under an executory contract for the purchase of land acquires the legal title from the vendor, after having assigned his interest in the contract to a third person, the assignee may have specific performance against the assignor to the extent of the latter's interest in the property so acquired, though such assignor's wife did not join in the assignment; but no relief can be had against the wife.

**Construction of assignment.**

Where the purchaser under an executory contract for the purchase of land assigns, without the joinder of his wife, his interest thereunder for a certain consideration, part of which is paid in cash, and by the terms of the assignment it is provided that in case of "disagreement" the portion of the price so paid shall be returned to the assignee, a subsequent demand by the assignee upon the assignor for a perfect title by warranty deed from the assignor and his wife, and the refusal of such demand by reason of the wife's refusal to join in the deed, constitutes a "disagreement;" and hence specific performance cannot be had against the assignor upon his subsequent acquisition of the legal title from his vendor.

**Specific performance against assignor.**

In such case, the assignee not having any right to specific performance against his assignor, it follows that he cannot have such relief against such assignor's vendor, though the latter conveys the property involved to such assignor after notice of the assignment.

Action in the district court for Le Sueur county to have a certain deed canceled; to have defendants execute to plaintiff a full warranty deed of the premises upon payment of the purchase price by plaintiff and to recover $1,200 damages for retaining possession of the premises. With the exception of the execution of the contract, the allegations of the complaint were denied in the separate answers of Emily and Joseph Chromy. The case was tried before Morrison, J.,

1 Reported in 136 N. W. 569.

who made findings and as conclusions of law found that plaintiff was not entitled to specific performance of the contract; that he was not entitled to any relief as to Annie Hlinka and ordered that the action be dismissed as to her and that plaintiff was entitled to damages against defendant Thomas Hlinka in the sum of $100. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*E. W. Komerak* and *Moonan & Moonan,* for appellant.

*A. J. Edgerton,* for respondents.

PHILIP E. BROWN, J.

Action to cancel a deed and to enforce specific performance of a contract to convey land. The cause was tried to the court without a jury. On the trial the court dismissed the action as to the defendants Chromy. Thereafter findings were filed directing the dismissal of the action as to the defendant Annie Hlinka on the merits, and determining that the plaintiff was not entitled to the specific performance of the contract alleged in the complaint, but should recover from the defendant Thomas Hlinka the sum of $100, without interest and without costs or disbursements; and it was ordered that judgment be entered accordingly. From an order denying the plaintiff's motion for a new trial, the plaintiff appealed.

As observed in the appellant's brief: "There is practically no dispute in the evidence as to any of the facts."

It appears that on January 13, 1909, the defendant Chromy, being then the owner of the west half of the southwest quarter of section 15, town 112, range 23, in Le Sueur county, his wife joining with him therein, entered into a contract in writing with the defendant Thomas Hlinka and one Joseph Picha, for the sale of the said premises to them jointly for the sum of $6,660, of which $60 was then and there paid in cash, and $6,600 was agreed to be paid on or before March 15, 1909. This contract obligated the Chromys to convey the said land to Hlinka and Picha, or their assigns, by deed of warranty, upon the performance on the part of Hlinka and Picha of their part of the agreement, and further provided that all covenants therein contained should extend to and be obligatory upon the heirs, personal representatives and assigns of the respective parties thereto.

A railroad traversed the said land, and 29.04 acres thereof were situated west of the said railroad company's right of way. Shortly after the execution of the contract mentioned, it was orally agreed between the parties thereto that upon the payment of the consideration therein mentioned the said Chromys would convey to Hlinka the tract last above mentioned, and to Picha the remainder of the land covered by the written contract. Thereafter and on January 16, 1909, the said Thomas Hlinka executed a writing as follows:

"New Prague, Minn., Jan. 16, 1909.

"For value received, I hereby agree to sell and transfer to Joseph Kasal all my interest in a contract for deed from Joseph Chromy and wife to me and Joseph Picha on W$\frac{1}{2}$ of SW$\frac{1}{4}$ Sec. 15, Town. 112, Range 23 West, and in case of any disagreement I agree to return the $100 to me this day paid.

"Thomas Hlinka."

"In presence of
"Joseph Rachac,
"Frank J. Topka."

On the same day the plaintiff paid the said Hlinka $100 on the said transaction, and it was then and there orally agreed that Hlinka would convey to the plaintiff thereunder only the 29.04 acres above mentioned. On the last-mentioned date the said Hlinka was a married man, his wife being the defendant Annie Hlinka. Thereafter, and on March 8, 1909, the defendants Chromy, for the consideration of $4,019, executed to Picha a deed for all that part of the said eighty except the 29.04 acres above-mentioned. And on the same day the said grantors executed to Thomas Hlinka, for the consideration of $2,619.60 a deed for the said 29.04 acres. Thereafter the plaintiff demanded that the said Thomas Hlinka convey to him the said 29.04 acres by warranty deed conveying perfect title to the said premises, at the same time tendering the amount due on the contract to him, and the said Thomas Hlinka then offered to execute a warranty deed to such premises, but the plaintiff refused to accept it unless the said Hlinka's wife would join therein, which she refused

to do. On January 17, 1909, the defendants Chromy had actual notice of the assignment of date January 16, 1909, above quoted. The plaintiff also requested the defendant Joseph Chromy to deed the said 29.04 acres to him, but never offered to pay him any money on the transaction, and it does not appear when the request for a deed was made. Before the bringing of this action the said Hlinka tendered to the plaintiff $100, being the amount received by him under the assignment of January 16, 1909.

It is the claim of the plaintiff, among other things, in substance that on the facts stated he was entitled to a decree, either for a cancelation of the deed referred to from the defendants Joseph Chromy and wife to the defendant Thomas Hlinka, and directing the said Chromys to execute a warranty deed for the lands described therein to the plaintiff, or directing the defendant Thomas Hlinka to convey the said land to the plaintiff by deed of warranty, on the payment of the purchase price, either with or without compensation for the failure of his wife to join in the deed.

It may be conceded at the outset that, if the plaintiff, when the proofs are considered from a view-point most favorable to him, was entitled to any relief, except merely nominal, against any of the defendants other than was granted him by the court below against the defendant Thomas Hlinka, the order denying the plaintiff a new trial of the action was erroneous. .

For convenience, we will consider the plaintiff's second claim for relief first, for we think its disposition will virtually dispose of the plaintiff's other contentions. There is no question that, under the executory contract for the sale of the land by the Chromys to Hlinka and Picha, the latter became the equitable owners of the land (Stearns v. Kennedy, 94 Minn. 439, 442, 103 N. W. 212) and trustees for the vendor as to the unpaid portion of the purchase price (Smith v. Lyttle, 27 Minn. 184, 190, 6 N. W. 625). Hlinka having acquired an equitable title or interest in the land, no question of homestead being involved, could dispose of such title before obtaining a deed. The plaintiff, however, being a subpurchaser from Hlinka, took his equitable title subject both to the stipulations and covenants of the original executory contract, and the conditions of the assign-

ment by Hlinka to him, and ordinarily, if specific performance can be had between the immediate parties to a land contract the party claiming under them as purchaser may have the same relief, unless other controlling equities intervene. Townshend v. Goodfellow, 40 Minn. 312, 41 N. W. 1056. Unquestionably if Hlinka had made an absolute assignment of his interest in the land contract to the plaintiff, and thereafter had taken a conveyance of the property therein described from his vendor, he would hold the fee thereof in trust for the plaintiff. Further, the mere fact that Annie Hlinka did not join with her husband in the execution of the assignment of date January 16, 1909, would not prevent the enforcement of the contract as to the husband to the extent of his ability to perform, but such contract cannot be enforced against the wife. Stromme v. Rieck, 107 Minn. 177, 119 N. W. 948. Now, considering the conditions of the assignment of Hlinka to the plaintiff of date January 16, 1909, could the plaintiff have enforced specific performance of the contract assigned against Hlinka and his wife? That he could not do so as against the wife is settled by the Stromme case, supra. The contract provides that in case of any disagreement Hlinka should return the $100 paid to him at the time of the execution of the assignment. This assignment contained the contract of the parties, and parol evidence was not admissible to establish any prior or contemporaneous agreements or understandings between the parties concerning the meaning or interpretation of its terms. The contract, being clear and unambiguous, must speak for itself. A "disagreement" within the meaning of such term as used in the said assignment, was established when it appeared that the plaintiff demanded of Hlinka that he convey to him perfect title to the land which the Chromys had deeded to him, Hlinka, and that the latter's wife join in such conveyance, which demand was refused. That this constituted a "disagreement" is apparent when it is remembered that this refusal of the Hlinkas constitutes the disagreement out of which the present action arose. The conceded facts bring the case within the rule stated in Schwab v. Baremore, 95 Minn. 295, 104 N. W. 10, and following the rule there stated we hold that the plaintiff cannot prevail in this action against the defendant Thomas Hlinka. It follows that the

same holding must be made as to the defendants Chromy; for leaving out of consideration the fact that Hlinka's wife did not join in the assignment and all other grounds urged as against the right of the plaintiff to enforce the assignment against the Chromys, it is clear that it cannot be held that the plaintiff has greater rights against them than against their codefendant, Thomas Hlinka.

Other errors assigned have been considered; but in the view we have taken of the rights of the parties, such assignments are either immaterial or require no special treatment.

Order affirmed.