## GERTRUDE G. WELLINGTON v. ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.[1]

December 5, 1913.

Nos. 18,920—(39).

**Title of vendee — interest of vendee's wife.**

1. Under a contract for the sale of lands by the terms of which the vendee pays part of the purchase price, and covenants to pay the deferred payments and taxes and assessments, and has the right of possession, and enters and makes improvements, the vendee has an equitable title to which the wife's statutory marital right attaches; and this is so though the contract provides that the vendor could convey to the vendee's assignees, upon the surrender of the contract, regardless of any agreement or relation between the vendor and others taking from or through him.

**Action against vendor by wife of vendee.**

2. The plaintiff, the wife of the vendee in such a contract, sued the de-fendant, the vendor, upon the death of her husband, claiming that her hus-

1 Reported in 144 N. W. 222.

band and the defendant had conspired to defraud her of her marital right by canceling the contract in which the vendee was in default and conveying directly to a purchaser whom the vendee had secured. It is *held* that if the plaintiff could maintain an action at law to recover damages she must show that the lands had passed to innocent purchasers.

Action in the district court for Ramsey county. The facts are stated in the opinion. The case was tried before Dickson, J., who granted defendant's motion for a directed verdict. From the judgment entered pursuant to the verdict plaintiff appealed. Affirmed.

*George B. Edgerton* and *Edward B. Graves,* for appellant.

*M. L. Countryman* and *T. R. Benton,* for respondent.

DIBELL, C.

This action is brought by the plaintiff to recover of the defendant the value of her statutory marital interest in certain lands in Traverse county of which she claims she was deprived by the wrongful acts of the defendant and her deceased husband. The court directed a verdict for the defendant. The plaintiff appeals from the order denying her motion for a new trial.

1. In 1895 Cyrus Wellington, the husband of the plaintiff, entered into two contracts, with the defendant, each for the purchase of a half section of land in Traverse county. A small portion of the purchase price was paid and the part remaining unpaid was to be paid in yearly instalments. The contracts recited that the lands were sold for improvement and cultivation. It was intended that the vendee should have possession. He agreed that all improvements placed upon the premises should remain thereon. He covenanted to pay the deferred payments and all taxes and assessments. The right of forfeiture was reserved in the vendor upon a failure to pay in accordance with the contract. Wellington went into possession by tenant and made improvements aggregating in value $3,000.

The interest acquired by the vendee in a contract of sale containing the provisions recited is one which, under the decisions of this court, can be sold by the vendee, passes by deed, can be mortgaged, is subject to the lien of a judgment, can be sold on execution, is subject to a homestead estate, and may be the subject of a trust or power

in trust. It has the usual incidents of real property. The vendee has the equitable title. This was held so long ago and has been held so frequently and so recently that we do no more than cite the cases. Wilder v. Haughey, 21 Minn. 101; Minneapolis & St. L. Ry. Co. v. Wilson, 25 Minn. 382; Smith v. Lytle, 27 Minn. 184, 6 N. W. 625; Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Niggeler v. Maurin, 34 Minn. 118, 24 N. W. 369; Townshend v. Goodfellow, 40 Minn. 312, 41 N. W. 1056, 3 L.R.A. 739, 12 Am. St. 736; Reynolds v. Fleming, 43 Minn. 513, 45 N. W. 1099; Wilson v. Fairchild, 45 Minn. 203, 47 N. W. 642; Abbott v. Moldestad, 74 Minn. 293, 77 N. W. 227, 73 Am. St. 348; Hueston v. Mississippi & R. R. Boom Co. 76 Minn. 251, 79 N. W. 92; Hook v. Northwest Thresher Co. 91 Minn. 482, 98 N. W. 463; Kasal v. Hlinka, 118 Minn. 37, 136 N. W. 569. The case last cited is sufficient authority for holding that the wife's statutory marital right attaches to such a title.

The contract contains a provision to the effect that "no agreements or conditions or relations between the second party (vendee) and his assignee or any other person acquiring title or interest from or through him, shall preclude the first party (vendor) from the right to convey the premises to said second party or his assigns on the surrender of this agreement and the payment of the unpaid portion of the purchase price." The defendant claims that this provision prevents the plaintiff claiming her dower right. We do not so construe it. And it is perhaps enough to say that the parties to a contract of sale cannot create an equitable estate in the vendee and eliminate, as against the vendee's spouse, one of the incidents which the law attaches to it, in this case the inchoate marital interest. The law gives the marital interest and a contract of the vendor and one spouse cannot eliminate it as against the other.

We hold with counsel for the plaintiff that the marital interest attached to the estate acquired by Wellington under his contracts. This, however, does not give the plaintiff a right of recovery. There are other facts, now to be narrated, essential to the cause of action which she claims.

2. When the objections of the defendant to the questions pro-

pounded by counsel for the plaintiff were sustained, largely because of an erroneous view taken by the court relative to the nature of the title discussed in the first paragraph, counsel, as was his right, and as was proper though perhaps not necessary practice, completed his case by making offers to prove certain facts, which we must take to be as the offers recited them. When counsel had thus made his case he rested, the defendant rested, and the directed verdict followed. We are to determine whether the facts actually proved and offered to be proved make a cause of action. The record necessarily presents that question; and unless a right of action was thus shown no material error was committed. So far as necessary to the determination of the case the essential facts are as we now narrate them.

In 1899 Wellington entered into a contract with one Cater to sell him the lands for $10,500. The contract provided that Wellington should make the deed to anyone whom Cater should designate. At that time, or soon thereafter, Cater had a contract with one Grovert, to sell to him for $12,800. The plaintiff had refused to join with Wellington in a transfer. Cater was advised that a release or something equivalent must be had from the plaintiff. Wellington was in default in his payments. In the early part of 1900 the defendant company served notices upon him forfeiting his contracts. Then the company deeded the section to Grovert for the sum of $4,889.96, which was the exact amount due on the Wellington contracts. Grovert paid $12,800. Cater received the difference between $10,500 and $12,800. Wellington received the difference between $10,500 and $4,889.96.

The claim of the plaintiff is that the cancelation of the contract was colorable; that it was made to defeat her inchoate right; that it was a way devised for getting title in a purchaser without her consenting to it; and that at the time of the death of her husband, which occurred in May, 1909, the lands had passed to innocent purchasers —and so she lost one-third of the lands, which otherwise would have vested in her at her husband's death, subject in their just proportion to such debts as were not paid out of the personal estate. R. L. 1905, § 3648, as amended by Laws 1907, p. 42, c. 36. Assuming the theory of the plaintiff to be correct, the intervention of innocent pur-

chasers is essential to a cause of action at law for damages. There is no proof that the defendant aided in putting the title in an innocent purchaser or that innocent purchasers now hold the title. The principle requiring such proof is held in Norgren v. Edson, 51 Minn. 567, 53 N. W. 876. It is necessarily implied in Scott v. Reed, 33 Minn. 341, 23 N. W. 463, and Smith v. Glover, 44 Minn. 260, 46 N. W. 406. The plaintiff cannot recover on the proofs offered and the direction of verdict was right.

Counsel for the plaintiff has thoroughly and ably argued many points which, in the view we have taken, are not necessary to be considered in this opinion. We rest our decision upon an obviously correct ground without further consideration of the case.

Order affirmed.