## BODIL LARSON v. RASMUS LARSON AND ANOTHER.[1]

### July 7, 1916.

### Nos. 19,831—(209).

**Demand for jury trial in equity suit.**

> One defendant held title to land impressed with a trust in favor of the plaintiff. He conveyed to his codefendant who had notice of the plaintiff's rights. Such codefendant conveyed to a third person having like notice. It is *held* under the facts stated that the plaintiff had no cause of action at law against the defendants for damages and was not entitled to a trial by jury.

[1]Reported in 158 N. W. 707.

Action in the district court for Stevens county against Rasmus Larson and Spooner Investment Company to recover $4,000. The case was tried before Flaherty, J., who made findings and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Harry H. Peterson* and *Arthur Markve,* for appellant.

*Gunderson & Leach, W. H. Cheery* and *Paul L. Spooner,* for respondent.

DIBELL, C.

Appeal by the plaintiff from an order denying her motion for a new trial after a trial without a jury and findings for the defendants.

In 1910 the state issued to the defendant Rasmus Larson a patent for a tract of land near Morris. The plaintiff, Bodil Larson, claims that she and the defendant Larson paid for it in equal portions; that it was intended that the patent should run to both; that through mistake it ran to the defendant alone, and that, the rights of others not intervening, she would be entitled to impress the land with a trust in her favor as to an undivided one-half.

In 1912 Larson conveyed to the Spooner Investment Company, and in the same year the company conveyed to L. C. Spooner. The complaint alleges that the company knew of the plaintiff's rights. It is not alleged that L. C. Spooner had notice, or that he did not have notice, but from an allegation of the answer of the investment company, admitted in the reply, it affirmatively appears that he had.

The plaintiff sought to recover of the defendants Larson and the investment company as damages an amount equal to the value of the land at the time of the transfer by the company to Spooner. She demanded a jury. It was refused. She claims error. The plaintiff contends that the action was one at law; the defendants that it was in equity. To recover damages it was necessary to show that the land went to an innocent holder so that the plaintiff's interest in it was lost. Unless it did the plaintiff had no cause of action at law. Wellington v. St. Paul, M. & M. Ry. Co. 123 Minn. 483, 144 N. W. 822; Norgren v. Edson, 51 Minn. 567, 53 N. W. 876; Smith v. Glover, 44 Minn. 260, 46 N. W. 406; Scott v. Reed, 33 Minn. 341, 23 N. W. 463. Whether if the land had passed to an innocent holder, and the plaintiff's rights had been lost, the action would

have been in equity within the general doctrine of Morton Brick & Tile Co. v. Sodergren, 130 Minn. 252, 153 N. W. 527, or an action at law within the principle applied in Doney v. Clark, 55 Oh. St. 294, 45 N. E. 316, is not of present interest. Under the facts stated in the pleadings the action was not one at law and was not for trial by jury.

There were no errors in the trial. The findings could not have been different. Under the evidence, in a trial to a jury, a verdict for the plaintiff could not be sustained.

Order affirmed.