## GUARDIAN STATE BANK v. ANNIE EPSTEIN AND OTHERS.[1]

March 28, 1929.

No. 27,086.

*Walter Mallory* and *Francis M. Smith,* for appellants.
*Jesse B. Calmenson,* for respondent.

HILTON, J.

Appeal by defendants Epstein from an order denying their motion for a new trial.

Action for a money judgment against said defendants and to have a certain assignment of an interest in real estate made a specific lien thereon and superior to certain other encumbrances and interests, and to have the assignment decreed to be a mortgage against the real estate named therein. The case was tried to the court without a jury. At the close of plaintiff's case, the action was dismissed as to all the defendants excepting the Epsteins and judgment ordered against them for $165 together with costs and disbursements.

One Makiesky, on March 1, 1926, was the owner of a lot in St. Paul with a dwelling house thereon in which he lived with his wife. There were several mortgages on this property, the value of which was in excess of the encumbrances. Makiesky on that date was indebted to plaintiff and for a valuable consideration gave as security for that indebtedness an assignment signed by his wife and himself,

[1]Reported in 224 N. W. 460.

duly witnessed and acknowledged, whereby they sold, transferred and assigned to plaintiff all their right, claim and interest in and to the property in question. This assignment was not recorded. On February 26, 1927, Makiesky was indebted to Irving Epstein and at various times prior thereto had negotiated with Epstein for the transfer of the residence property to said Epstein in satisfaction of advances theretofore made and for a cash payment, Epstein to assume and pay the encumbrances. During said negotiations, defendant Epstein knew of the assignment to the bank by Makiesky. Shortly thereafter the Makieskys transferred the property to defendant Annie Epstein, wife of Irving, and were paid $300. Immediately the Epsteins divested themselves of the record title, the trial court finding that it was deliberately done with the intention of defeating plaintiff's claim, but that the other named defendants had no notice of the assignment to the bank and were innocent purchasers of the property. The foregoing substantially covers the findings of the trial court.

The first point raised is that the pleadings did not state a cause of action on the theory on which the court awarded relief; it is without merit. The second is that the court by its rulings took defendants by surprise, which surprise could not have been prevented by ordinary prudence. A careful examination and consideration of the entire record convinces us that there is no ground for this assignment. There was, in our opinion, sufficient in the proceedings to advise the parties litigant as to the various theories involved and particularly the one upon which the court finally decided the case. Relief because of surprise cannot therefore be granted. The third and fourth points call in question the sufficiency of the evidence to constitute a cause of action on any theory and that the conclusions of law are not supported by the findings of fact. We agree with the trial court.

The evidence is unusually full and complete considering the small amount involved and the nature of the issues. The original complaint alleged that Epstein made an unconditional promise to Makiesky that he would pay the latter's indebtedness to plaintiff

as a part of the consideration for the transfer of the property. Although denied by Epstein, the promise was testified to by numerous witnesses. The complaint also alleged a knowledge on the part of the other defendants of plaintiff's prior claim. This was denied by their answers and good faith alleged. There could have been no surprise to the Epsteins when the court found the good faith of the other defendants. The Epstein answer admitted that they knew that the bank had a claim. The case was properly decided and a money judgment ordered by the court on the authority of Scott v. Reed, 33 Minn. 341, 23 N. W. 463. The records and briefs have been thoroughly examined and considered. There is some conflict in the evidence but there is ample to support the findings of fact, and the conclusion of law drawn therefrom was correct. The decision must stand.

Order affirmed.